E. BRYAN WILSON
Acting United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>CORNELIUS AARON PETTUS, Jr.<br><br>    Defendant. | No. 3:20-cr-00100-SLG-MMS |

**NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS**

In accordance with Fed. R. Evid. 404(b)(3), the government gives notice of intent to introduce evidence of the defendant's prior bad acts in its case in chief. Rule 16 discovery concerning this evidence has been provided.

The defendant is charged with willfully using unconstitutionally excessive force in his official capacity as a police officer on September 30, 2019, in violation of 18 U.S.C. § 242. The government intends to introduce evidence of two prior incidents of excessive force.

The first incident occurred on March 20, 2018. The defendant and other police officers encountered an intoxicated woman who had been involved in an altercation with employees at a supermarket. In the course of attempting to place the woman into his police car, the defendant directed two kicks to her, and then closed the door. In a report written to document the incident, the defendant claimed to have only used "hard hand control" and "put [his] hand into [the woman's] thigh]"; he did not acknowledge kicking her. The Anchorage Police Department found the defendant's use of force to be excessive and in violation of policy.

On August 21, 2019, the defendant was dispatched to investigate a suspicious person who may have damaged vehicles. The defendant located a potential suspect, chased him onto a bike trail, fired his taser at him (missing the suspct), "commandeered" a bicycle from a bystander, tackled the suspect, and kneed him in the side while he was on the ground. APD also found this use of force unjustified and outside of policy.

These incidents are admissible to demonstrate knowledge, intent, and lack of mistake. Section 242 is a specific intent offense: in order to establish the defendant's guilt, the government will need to prove that he acted willfully: that is that his conduct was "'in open defiance or reckless disregard of a constitutional requirement that has been made specific and definite.'" *United States v. Reese*, 2 F.3d 870, 881 (9th Cir. 1993) (quoting *Screws v. United States*, 325 U.S. 91, 105 (1945)). The fact that the defendant had previously engaged in two acts of excessive force—and that on both occasions the impropriety of his conduct was made clear to him—is therefore relevant to establish his

notice of the legal requirements that applied to his use of force as a police officer, and his willfulness in disregarding them in this case.

RESPECTFULLY SUBMITTED July 9, 2021 at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021
a true and correct copy of the foregoing
was served electronically on:

Clinton M. Campion

/s James Klugman
Office of the U.S. Attorney

U.S. v. Pettus
3:20-cr-00100-SLG-MMS