Clinton M. Campion, Alaska Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605
Email: campion@alaskalaw.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>    Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

**MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE
PRIOR BAD ACTS EVIDENCE**

    Defendant Cornelius Aaron Pettus Jr., by and through counsel, Sedor, Wendlandt, Evans & Filippi, LLC, and pursuant to Federal Rule of Evidence 404(b), hereby moves the court to preclude the United States of America from introducing prior bad acts evidence by Plaintiff United States of America.

**I.    INTRODUCTION**

    The United States of America seeks to introduce prior bad act evidence from two prior incidents involving Pettus from 2018 and 2019. The United States of America should be precluded from introducing this evidence because it is not relevant to show Pettus' knowledge, intent, or lack of mistake regarding the

incident on September 30, 2019. The prior bad act evidence should be excluded because its limited probative value would be substantially outweighed by the danger of unfair prejudice to Pettus, confusion of the issues, misleading the jury, and wasting the jury's time.

## II. RELEVANT FACTUAL BACKGROUND

On October 21, 2020, Pettus was indicted on one count of violating 18 U.S.C. § 242 for assaulting and willfully depriving S.A. of the right to be free from the use of unreasonable force by a law enforcement officer. The incident that led to the Pettus indictment occurred on September 30, 2019.

### A. First Prior Other Act Incident – March 20, 2018.

On March 20, 2018, Pettus was on swing shift duty as a patrol officer for the Anchorage Police Department (APD). Pettus responded to a call for service with other officers at the Fred Meyer on DeBarr Road for a report of a shoplifter who had assaulted a store security officer after asking her to leave the store. Pettus was not the first officer to arrive at the store and was not the first officer to contact the female suspect. All of the officers observed the female suspect was highly intoxicated and not responsive to their commands.

When the female suspect attempted to walk away from the officers, in the direction of oncoming traffic on Muldoon Road, the other responding officers took her to the ground and placed her in handcuffs. Pettus was calmly observing the other officers' efforts to gain control of the female suspect and was not giving any commands to the suspect, or otherwise interacting with her.

The other officers escorted the female suspect to Pettus' patrol vehicle and tried to get her to sit in the rear passenger seat. The female suspect was not

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 2 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 2 of 12

complying with the officers' commands, including keeping her legs straight, which prevented the door from closing. One of the officers unsuccessfully tried to push the suspect's leg(s) into the car. Pettus was observing the interactions between the other officers and the suspect but was still not providing commands or otherwise interacting with her.

After the other officers' efforts to place the suspect in the patrol vehicle proved to be unsuccessful, Pettus stepped forward to assist. The female suspect continued to refuse to bend her legs into the patrol vehicle and was observed by a civilian (believed to be acquainted with the suspect) to be kicking at Pettus. In order to move the suspect's legs into the patrol vehicle, Pettus used his foot to push her legs into the patrol vehicle. Pettus' efforts were observed by the suspect's acquaintance.

The Watchguard system on another officer's patrol vehicle captured Pettus' interactions with the female suspect on video and audio. A subsequent investigation by APD detectives did not include interviews of the female suspect or her acquaintance. The investigation of the incident was closed without criminal charges.

### B. Second Prior Other Act Incident – August 21, 2019.

On August 21, 2019, Pettus was on swing shift duty as a patrol officer for APD. Pettus, along with other APD officers, responded to the area of 15th Avenue and Cordova Street in Anchorage to a report of an adult male who broke the side mirror of a vehicle operated by a woman on 15th Avenue, threw a board as the woman drove away, and was throwing rocks at an apartment building.

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 3 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 3 of 12

Officers searched for the suspect male in the area until they received another call that the suspect was at Ben Boeke, hitting a concession stand with a stick and throwing rocks at an electrical box. Pettus and two other officers responded to the Ben Boeke parking lot. Pettus saw the suspect and recognized him as someone he knew from prior contact. Pettus recalled the suspect was a convicted felon with a history of mental instability. The suspect had a wooden "2x4" in his hands.

The officers, including Pettus, approached the suspect on foot. The suspect responded by running away. The officers pursued the suspect on foot. Pettus deployed his Taser, but it did not strike the suspect. The suspect continued to run away from the officers. Pettus jumped on a bicycle and was able to take the suspect to the ground in the area of 23rd Avenue and Eagle Street. The suspect resisted arrest, which required Pettus and another officer to work together to place the suspect in handcuffs.

Other officers noted they did not observe any visible injuries on the suspect, who was photographed and interviewed. During his interview, the suspect revealed he had not been injured by Pettus' Taser and had not been injured in any way by the pursuit or apprehension. The suspect did not receive any medical treatment following his arrest. The suspect was arrested for felony-level criminal mischief and resisting arrest.

On August 28, 2019, Pettus was served with a complaint notification regarding an alleged violation of APD Policy 3.05.005, Electronic Control Weapons.[1] On October 9, 2019, an APD Internal Affairs Memorandum determined

---

[1] Pettus_00002174-00002175, attached at Exhibit 1.

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 4 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 4 of 12

Pettus' deployment of his Taser on August 21, 2019, was not justified and not within policy.[2] This memorandum was not served on Pettus and Pettus was not disciplined for his role in the incident. The incident did not lead to criminal charges against Pettus and was not referred to prosecutors for evaluation of potential criminal charges.

On July 9, 2021, the United States provided notice of its intent to introduce prior bad acts which it characterized as "two prior incidents of excessive force." The United States seeks to introduce "evidence" from the March 20, 2018, and August 21, 2019, incidents described above. Its notice does not describe the specific evidence it intends to seek. The United States of America contends evidence of the incidents is admissible to "demonstrate knowledge, intent, and lack of mistake."

### III. APPLICABLE LEGAL STANDARDS

Evidence of other acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Other act evidence may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

---

[2] Pettus_00002212, attached at Exhibit 2.

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 5 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 5 of 12

The court's decision on the admissibility of evidence sought for admission under Fed. R. Evid. 404(b) is reviewed for abuse of discretion.[3] The court's decision on balancing the probative value of evidence against its prejudicial effect is also reviewed for abuse of discretion.[4]

## IV. ARGUMENT

Any relevance of the evidence from the incidents on March 20, 2018, and August 21, 2019, is substantially outweighed by its prejudicial effect.

### A. The other act evidence is not relevant.

The proposed evidence of other acts were not other crimes because the incidents did not result in criminal convictions or criminal charges.

The investigation of the March 20, 2018 incident did not even include an interview of the alleged victim of Pettus' "excessive force" or an interview of the civilian witness present for the incident. Pettus' alleged use of "excessive force" on March 20, 2018, did not reveal that he caused any physical injury or even the apprehension of physical injury by the alleged victim.

The investigation of the August 21, 2019 incident included an interview with the alleged victim of Pettus' "excessive force," which revealed the alleged victim suffered no physical injury or even the apprehension of physical injury. The internal affairs investigation of the incident did not lead to the imposition of any administrative discipline for Pettus.

---

[3] *United States v. Feldman*, 788 F.2d 544, 557 (9th Cir. 1986).
[4] *Id.*

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 6 of 9
Case No. 3:20-cr-00100-SLG-MMS

The introduction of the other act evidence does not demonstrate Pettus' knowledge, intent, or lack of mistake regarding the incident on September 30, 2019, that led to the indictment in this matter. Pettus' actions on September 30, 2019, were intentional, not accidental, or as a result of a lack of knowledge of APD policies. Pettus' actions on September 30, 2019, were lawful and within APD policy. The proposed other act evidence is not relevant to show Pettus' intent, knowledge, or absence of mistake. It is not relevant for any other purpose beyond derogatory character evidence.

### B. Any relevance of the proposed other act evidence is outweighed by its prejudicial effect.

Introduction of the proposed evidence of other acts by Pettus would create unfair prejudice, would confuse the issues for the jury, would mislead the jury, and would waste the jury's time.

The United States has not described how it intends to present evidence of the other acts by Pettus, but each incident involved multiple, different APD officers. Each incident also involved different witnesses and suspects. The March 20, 2018 incident was video, and audio recorded. The August 21, 2019 incident was not. Both incidents did not lead to criminal charges but only administrative discipline for policy violations.

In order to properly assess the other act evidence, the jury would be required to evaluate the testimony of the other officers and witnesses, including the suspects. The jury would also have to evaluate the video recording of the March 20, 2018 incident and potentially photographs of both incidents. The jury would also have to learn about the relevant APD policies to assess the relevance

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 7 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 7 of 12

of the other act evidence. The presentation of this evidence potentially could take as long as the presentation of the evidence of the charged conduct. There can be no dispute the presentation of the other act evidence would be a waste of the jury's time in comparison to its minimal, at best, relevance. The evidence would also confuse the issues for the jury. The jury would be confused because it would be left to wonder why the United States did not charge the other acts as crimes.

The presentation of the other act evidence would be unfairly prejudicial to Pettus. If the evidence of the other acts is admitted, the jury would be aware that Pettus was previously disciplined for unrelated conduct that did not result in injury to anyone. There is a substantial probability that the jury would be inclined to convict Pettus for the other acts.

## V. CONCLUSION

The United States should not be permitted to present evidence of acts for which Pettus is not undergoing trial, and has not convicted for, pursuant to Fed. R. Civ. Proc. 404(b)(2). The proposed evidence should be excluded.

A proposed order accompanies this motion.

Respectfully submitted this 13th day of July, 2021.

SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
Attorneys for Defendant Cornelius Aaron Pettus, Jr.

By: _____/s/Clinton M. Campion_____
Clinton M. Campion, State Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500 Anchorage, Alaska 99501
(907) 677-3600 (Telephone)
(907) 677-3605 (Facsimile)
Email address: campion@alaskalaw.pro

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 8 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 8 of 12

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 13th day of July, 2021 electronically via ECF on:

James A. Klugman

\_\_\_/s/Riza Smith\_\_\_\_

Certification signature

MOTION IN LIMINE REGARDING NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 9 of 9
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 9 of 12



# Anchorage Police Department
*Service Since 1921*

## MEMORANDUM

Date: 8/28/2019

To: Ofc. Pettus 63158

From: Sgt. Ranger 29601

IA Investigation Number: IA19-0521

APD Case or Incident Number: 19-29981

**Subject:** Complaint Notification

There has been a complaint filed against you alleging:

**3.05.005 Electronic Control Weapons**

*The deployment of your Taser against ALBERT BJORNSTAD might not have been within department policy.*

**A non-criminal investigation will be conducted to determine if you have violated any departmental rules or regulations. Part of this investigation will include an interview with you. This memorandum serves as notice of the complaint and to advise you that you are entitled to union representation during this interview.**

**You will be contacted to schedule your interview.**

Upon completion of this form, it shall be delivered to the employee and contemporaneously to the APDEA and Internal Affairs through e-mail at:

ComplaintNotification@anchorageak.gov

Any employee who will be asked questions which could reasonably lead to discipline shall be afforded the opportunity of having an APDEA representative present. Supervisors or employees who need a Shop Steward can e-mail the Shop Steward Coordinator at shopsteward@apdea.org or call the Vice President directly.

Ver. 08072019

Pettus_00002174
**Exhibit 1**
**Page 1 of 2**
Case 3:20-cr-00100-SLG-MMS   Document 27   Filed 07/13/21   Page 10 of 12

Additional information regarding this process can be found in Article V – Bill of Rights and Grievance Procedure of the APDEA Collective Bargaining Agreement.

Ver. 08072019

Pettus_00002175
**Exhibit 1**
**Page 2 of 2**



# ANCHORAGE POLICE DEPARTMENT
*Service Since 1921*

memorandum

Date: 10-09-2019

To: Lt Patzke

From: Sgt Kearns

Subject: Ofc Pettus Use of Force Review

The Use of Force Review for IA19-0521 revealed Ofc Pettus' deployment of the TASER was NOT JUSTIFIED AND NOT WITHIN POLICY.