Clinton M. Campion, Alaska Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605
Email: campion@alaskalaw.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>    Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

**NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS EVIDENCE**

Defendant Cornelius Aaron Pettus Jr., by and through counsel, Sedor, Wendlandt, Evans & Filippi, LLC, and pursuant to Federal Rule of Evidence 404(b), hereby gives notice of intent to introduce evidence of Samuel Allen's other acts or wrongs. Defendant, through counsel, has previously provided this evidence to the United States of America.

**I. INTRODUCTION**

The United States of America alleges Defendant Pettus assaulted and

willfully deprived Samuel Allen of his right to be free from the use of unreasonable force by a law enforcement officer on September 30, 2019, in violation of 18 U.S.C. § 242. Defendant Pettus intends to introduce evidence of four other incidents where Samuel Allen interacted with law enforcement officers which demonstrate his motive, intent, preparation, plan, knowledge, absence of mistake, and lack of accident as they relate to his interaction with Defendant Pettus on September 30, 2019. Further, Defendant Pettus intends to introduce evidence of Mr. Allen's convictions for assault, violation of Anchorage Municipal Code 8.10.010(d), and disobeying a lawful order, a violation of Anchorage Municipal Code 8.30.010(A)(6).

## II. EVIDENCE OF OTHER ACTS OR WRONGS

A. On July 30, 2019, in Case No. 3AN-19-02488 CR, Mr. Allen was convicted of assault on a police officer, in violation of Anchorage Municipal Code 8.10.010(d). Defendant Pettus intends to introduce evidence of this conviction without presenting evidence of the facts that support Mr. Allen's conviction.

B. On December 22, 2020, Allen entered a post office in Anchorage while live streaming on his cellphone. A post office supervisor asked Mr. Allen to leave, which Mr. Allen refused. Mr. Allen ultimately left the post office. When he tried

Notice of Intent to Introduce Prior Bad Acts Evidence
*United States of America vs. Cornelius Aaron Pettus, Jr.*   Page 2 of 7
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 29   Filed 08/18/21   Page 2 of 7

to return to the post office, officers from the Anchorage Police Department who responded to the post office prevented Mr. Allen from doing so. Mr. Allen was notified that he would be arrested for trespass if he returned to the post office. Mr. Allen used profanity and threatened the officers that he would take the Anchorage Police Department and the United States Postal Service to trial based on the incident. A five-minute video recording of this interaction has been disclosed to the United States of America. *See* CAP 000003.

C. On January 1, 2021, Mr. Allen again livestreamed his interactions with law enforcement officers. A recording shows Mr. Allen approach an area cordoned off and monitored by federal and local law enforcement officers, who instruct Mr. Allen not to proceed, being repeatedly told to stop, due to a suspicious vehicle threat being investigated by the FBI. Mr. Allen asked about the incident, and then appeared to comply with the officer's instructions before immediately disregarding them and continuing towards the incident area. Allen was stopped by Anchorage Police Officers, who seized his cell phone.

As a result of his failure to following the commands of the officers, Mr. Allen was charged with disobeying the lawful order of a public officer, in violation of Anchorage Municipal Code 8.30.010(A)(6). On March 9, 2021, Mr. Allen was

NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 3 of 7
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS Document 29 Filed 08/18/21 Page 3 of 7

convicted of the charge in Case No. 3AN-21-00283CR. Defendant Pettus intends to introduce the recording (CAP 00005) and Mr. Allen's corresponding conviction as evidence of relevant other acts, wrongs, and crimes.

D. On June 29, 2021, Samuel Allen was stopped in his vehicle. Again, Mr. Allen livestreamed his interactions with officers from the Anchorage Police Department. Before the officer approached him, Mr. Allen commented that he "just flipped you off." The officer asked Mr. Allen for his license and registration. Mr. Allen asked why he was pulled over. The officer informed Mr. Allen he flagged him down. Mr. Allen responded by telling the officer he did not flag him down but, but instead stated "I flipped you off, you dumb bitch." When the officer walked away from Mr. Allen, he told the officer "go fuck yourself, bitch." Mr. Allen then approached the officers on foot, and continued to use profanity with them. After repeatedly swearing at the officers and approaching them on foot, the officers returned to their vehicles and left the location.

Mr. Allen then followed the officers in his vehicle, continuing to record the interaction. Mr. Allen continued to use profanity and engaged in a monologue explaining his motivation for flipping off the officers. Mr. Allen explained "any of you Alaskans who want to flip off these APD bitches, that is your right," or words

NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 4 of 7
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 29   Filed 08/18/21   Page 4 of 7

to that effect. This interaction is captured on a six-minute video recording. *See* CAP 000006.

E. On August 10, 2021, Allen was involved in an incident with federal law enforcement officers and officers from the Anchorage Police Department. Again, Mr. Allen livestreamed this interaction. Officers approached Mr. Allen and informed him they received reports of aggressive driving. Mr. Allen began questioning the officers and refused to provide his name, license, or registration to the officers.

Ultimately, Mr. Allen departed his vehicle and approached the officers, raising his voice. Mr. Allen used profanity in addressing the officers, who walked away from Mr. Allen. Despite the officers' calm and professional demeanor, Allen continued to escalate the situation with increasing volume and profanity, even referring to two law enforcement officers as "Monkeys." This incident was captured on a twenty-minute recording. *See* CAP 000007.

## III. APPLICABLE LEGAL STANDARDS AND ARGUMENT

Evidence of other acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Other act evidence may be admissible to

Notice of Intent to Introduce Prior Bad Acts Evidence
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 5 of 7
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 29   Filed 08/18/21   Page 5 of 7

show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Mr. Allen's conviction(s) for assaulting a peace officer and the recordings of his interactions with law enforcement officers as recently as this month reveal his animus toward law enforcement. This evidence reveals his lack of respect for law enforcement and his motivation to embarrass, trigger, and anger law enforcement officers. Mr. Allen's ultimate motivations are to promote his notoriety on the internet as an agitator of law enforcement and to bait law enforcement officers into making decisions that permit Mr. Allen to sue the officers and their departments.[1]

The evidence Defendant Pettus intends to introduce clearly demonstrates Mr. Allen's plan, motive, and intent, and will not waste the jury's time. Defendant Pettus estimates it will take less than one hour to present this evidence.

---

[1] See *Sam Allen v. Cornelius Aaron Pettus Jr. et al.*, formerly Case No. 3AN-21-05572 CI, removed to federal court with Case No. 3:21-cv-00136-JMK.

NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 6 of 7
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS    Document 29    Filed 08/18/21    Page 6 of 7

## IV. CONCLUSION

Defendant Pettus must be permitted to present the proposed evidence to demonstrate Mr. Allen's plan, motive, and intent in his interactions with law enforcement officers, including Defendant Pettus.

Respectfully submitted this 18th day of August, 2021.

SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
Attorneys for Defendant Cornelius Aaron Pettus, Jr.

By: _____/s/Clinton M. Campion_____
Clinton M. Campion, State Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500 Anchorage, Alaska 99501
(907) 677-3600 (Telephone)
(907) 677-3605 (Facsimile)
Email address: campion@alaskalaw.pro

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via ECF this 18th day of August, 2021 on:

James A. Klugman

____/s/Riza Smith____
Certification signature

NOTICE OF INTENT TO INTRODUCE PRIOR BAD ACTS EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 7 of 7
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 29   Filed 08/18/21   Page 7 of 7