# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>                Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

## ORDER RE MOTION IN LIMINE (404(b) EVIDENCE)

Before the Court at Docket 27 is defendant Cornelius Aaron Pettus, Jr.'s Motion in Limine Regarding Notice of Intent to Introduce Prior Bad Acts Evidence. The government responded in opposition at Docket 32-2.

Mr. Pettus is charged with willfully using unconstitutionally excessive force in his official capacity as a police officer on September 30, 2019, in violation of 18 U.S.C. § 242.[1]

The Government seeks to introduce evidence of two prior incidents of alleged excessive force by Mr. Pettus that occurred on March 20, 2018, and August 21, 2019.[2] The Government contends that the incidents are admissible pursuant to Federal Rule of Evidence 404(b)(2) to demonstrate knowledge, intent,

---

[1] *See* Docket 2 (Indictment).

[2] Docket 26 at 1–3 (Notice of Intent).

and lack of mistake because Section 242 is a specific intent offense and "[t]he fact that Pettus had previously engaged use excessive force . . . makes it significantly more likely that []he knew the constitutional significance of his conduct, intended to violate [the victim's] rights, and was not mistaken about the legality or justification of his actions."[3]

Defendant asserts that the two prior incidents are not relevant to his knowledge, intent, or lack of mistake regarding the September 30, 2019, charged conduct, and that the evidence should be excluded pursuant to Rule 403 because any probative value of the incidents is substantially outweighed by a danger of wasting time, misleading the jury, confusing the issues, and unfair prejudice.[4]

## DISCUSSION

### I. March 20, 2018 Incident

The March 20, 2018 incident involved Defendant "us[ing] his foot" or "kicking" a detained suspect while placing her into a patrol car.[5] According to the government, which Mr. Pettus does not appear to contest, the "Anchorage Police Department ["APD"] found [Mr. Pettus'] use of force to be excessive and in violation of policy."[6]

---

[3] Docket 32-2 at 5 (footnote omitted).

[4] Docket 27 at 6–8 (Mot. in Limine).

[5] Docket 32-2 at 3 (Opp.); Docket 27 at 3 (Mot. in Limine).

[6] Docket 32-2 at 3 (Opp.).

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion in Limine (404(b) Evidence)*
Page 2 of 6
Case 3:20-cr-00100-SLG-MMS   Document 34   Filed 09/08/21   Page 2 of 6

To introduce evidence pursuant to Rule 404(b), "[t]he Government carries the burden to prove that the proposed evidence satisfies four requirements: (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) [where knowledge and intent are at issue], the act is similar to the offense charged (similarity)."[7]

The March 20 incident tends to prove a material point: Mr. Pettus had previously used force that was found to be unjustified and in violation of APD policy. This is probative of Mr. Pettus' knowledge, intent, or lack of mistake regarding the constitutional significance of his conduct of September 30, 2019. The incident is not too remote in time because it occurred approximately 17 months prior to the charged conduct. There does not appear to be any dispute that the incident occurred; and with respect to any specific points of disagreement, the parties can present their respective evidence and theories at trial.[8] Lastly, this prior incident is plainly similar to the charged offense.

The government has satisfied its Rule 404(b) burden for the March 20, 2018 incident. The Court also finds that the probative value of the evidence is not

---

[7] *United States v. Charley*, 1 F.4th 637, 647 (2021) (quoting *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020)); *see also United States v. Hanson*, 936 F.3d 876, 882 (9th Cir. 2019) ("where knowledge and intent are at issue, the act is similar to that charged" (internal quotation marks omitted)).

[8] *Compare* Docket 32-2 at 3 (Opp.) (government describing the incident as "kick[ing]") *with* Docket 27 at 3 (defense describing the incident as "us[ing] his foot to push").

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion in Limine (404(b) Evidence)*
Page 3 of 6
Case 3:20-cr-00100-SLG-MMS   Document 34   Filed 09/08/21   Page 3 of 6

substantially outweighed by a danger of wasting time, misleading the jury, confusing the issues, or unfair prejudice. And the prejudicial impact can be ameliorated with an appropriate limiting instruction.[9]

**II.      August 21, 2019 Incident**

The August 21, 2019 incident involved Mr. Pettus deploying a taser against a fleeing suspect.[10] The government contends that the APD found this use of force "unjustified and outside of policy."[11] Mr. Pettus contends that he was served with a complaint notification regarding his use of force during the incident but never received the internal memorandum that stated the force was unjustified and outside of policy.[12] The government responds that Mr. Pettus was "placed on notice that his conduct may have been improper and was under investigation" for the August 21 incident, which "speaks directly to his state of mind on September 30, 2019."[13]

The probative value of the August 21 incident as to Mr. Pettus' knowledge, intent, or lack of mistake regarding the charged conduct is limited by the fact that prior to September 30, 2019, Mr. Pettus had only received notice that a complaint

---

[9] *See Manual of Model Criminal Jury Instructions for the Ninth Circuit* § 4.3 (2018).

[10] Docket 32-2 at 3 (Opp.); Docket 27 at 3–5 (Mot. in Limine).

[11] Docket 32-2 at 4 (Opp.).

[12] Docket 27 at 4–5 (Mot. in Limine) (citing Ex. 1 (Complaint Notification), Ex. 2 (Internal Memorandum)).

[13] Docket 32-2 at 5 (Opp.).

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion in Limine (404(b) Evidence)*
Page 4 of 6
Case 3:20-cr-00100-SLG-MMS   Document 34   Filed 09/08/21   Page 4 of 6

had been filed against him and he was being investigated, in contrast to the March 20, 2018 incident, where Mr. Pettus was aware of the APD's formal findings of excessive force prior to the charged incident. While the investigation into the August 21 incident ultimately found his use of force unjustified and outside policy, it appears that Mr. Pettus was unaware of that finding on September 30, 2019.[14] Additionally, because the complaint notification and internal memorandum only relate to the deployment of Mr. Pettus' Taser,[15] the remaining evidence of the August 21 incident holds minimal probative value.[16] Accordingly, the Court finds that the diminished probative value of the August 21, 2019 incident is substantially outweighed by the dangers of "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time."[17]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 27 is GRANTED IN PART and DENIED IN PART as set forth in this order. The Government may present evidence to the jury regarding the March 20, 2018

---

[14] The internal memorandum is dated October 9, 2019, more than a week after the charged incident occurred on September 30, 2019. *See* Docket 27, Ex. 2. Accordingly, even though the internal memorandum, if served on Mr. Pettus, found the use of force unjustified and outside policy, Mr. Pettus likely would not have been aware of that formal finding prior to charged incident.

[15] *See* Docket 27, Exs. 1, 2.

[16] *See* Docket 32-2 at 3 ("The defendant located a potential suspect, chased him onto a bike trail, fired his taser at him (missing the suspect), 'commandeered' a bicycle from a bystander, tackled the suspect, and kneed him in the side while he was on the ground.").

[17] Fed. R. Evid. 403.

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion in Limine (404(b) Evidence)*
Page 5 of 6
Case 3:20-cr-00100-SLG-MMS   Document 34   Filed 09/08/21   Page 5 of 6

incident only.

DATED this 8th day of September, 2021, at Anchorage, Alaska.

               */s/ Sharon L. Gleason*
               UNITED STATES DISTRICT JUDGE

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion in Limine (404(b) Evidence)*
Page 6 of 6
  Case 3:20-cr-00100-SLG-MMS  Document 34  Filed 09/08/21  Page 6 of 6