Clinton M. Campion, Alaska Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605
Email: campion@alaskalaw.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>    Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

## MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

Defendant Cornelius Aaron Pettus Jr., by and through counsel, Sedor, Wendlandt, Evans & Filippi, LLC, hereby moves the court to dismiss Count II in the First Superseding Indictment, filed on September 21, 2021. Count II of the First Superseding Indictment alleges Pettus engaged in the falsification of records during a federal investigation, a violation of 18 U.S.C. § 1519.

### I. BACKGROUND FACTS & PROCEEDINGS

#### A. State Charges.

On October 11, 2019, the State of Alaska charged Pettus with two counts of assault in the fourth degree, violations of AS 11.41.230(a)(1), a class A

misdemeanor. The charges stemmed from an incident involving Pettus and Samuel Allen on September 30, 2019, in Anchorage, Alaska.

### B. State Indictment.

On July 28, 2020, the State of Alaska obtained an indictment of Pettus on two counts of tampering with public records in the first degree, alleged violations of AS 11.56.815(a)(2), a class C felony offense. After obtaining the indictment, the State of Alaska also charged Pettus with interference with constitutional rights, an alleged violation of AS 11.76.110, another class A misdemeanor. The additional charges also relate to the September 30, 2019 incident which formed the basis of the original charges.

### C. Federal Indictment.

On October 21, 2020, the United States obtained an indictment against Pettus for deprivation of rights under color of law, an alleged violation of 18 U.S.C. § 242. This charge relates to the September 30, 2019 incident involving Pettus and Allen. If convicted of this offense, Pettus faces a maximum sentence of ten years.

### D. First Proposed Plea Agreement.

On March 10, 2021, the United States, through Acting U.S. Attorney E. Bryan Wilson and Assistant U.S. Attorney James Klugman, proposed a plea agreement to Pettus. In the cover letter which accompanied the proposed plea agreement, the United States advised Pettus that if he elected to proceed to trial, it would likely ask a grand jury to consider a superseding indictment adding charges under 18 U.S.C. §§ 1001 and/or 1512(c). Pettus declined to accept the United States' first proposed plea agreement.

### E. Notice of Expert Report.

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 2 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 42   Filed 10/01/21   Page 2 of 8

On August 17, 2021, Pettus filed an expert witness report from James W. Borden, an expert on use of force. Mr. Borden's report included his analysis of Pettus' use of force on Allen during the September 30, 2019. Mr. Borden opined that based upon the totality of circumstances, Pettus appropriately used force on Allen on September 30, 2019.

### F. Second Proposed Plea Agreement.

On August 20, 2021, Pettus, through undersigned counsel, submitted a proposal to resolve this matter. On September 3, 2021, the United States notified Pettus that it would not accept his proposed resolution and provided Pettus with an alternative proposal to resolve this case. In the letter that accompanied the second proposed plea agreement, the United States again notified Pettus that if he did not accept the proposal, it would seek a superseding indictment adding additional felony charges based on false statements it believed Pettus included in his police reports. On September 14, 2021, Pettus, through undersigned counsel, notified the United States he would not accept its second proposed plea agreement.

### G. First Superseding Indictment.

On October 21, 2021, the United States obtained a first superseding indictment against Pettus, which added the charge of falsification of records during federal investigation, an alleged violation of 18 U.S.C. § 1519. This charge is also based on Pettus' interaction with Allen on September 30, 2019. If convicted of this offense, Pettus faces a maximum sentence of twenty years. On September 27, 2021, Pettus waived his right to arraignment on the first superseding indictment and entered a not guilty plea.

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 3 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS    Document 42    Filed 10/01/21    Page 3 of 8

## II. APPLICABLE LAW & STANDARD OF REVIEW

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) (quoting *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000)). Prosecutions are prohibited under circumstances which suggest a realistic likelihood by the prosecutor. *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

A defendant may establish vindictive prosecution by: (1) producing direct evidence of the prosecutor's punitive motive; or (2) by showing a reasonable likelihood of vindictiveness, thus giving rise to a presumption of vindictiveness that the government may, if it can, rebut. *Kent*, 649 F.3d at 912-13 (citing *United States v. Goodwin*, 457 U.S. 368, 373 (1982)).

"The appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus toward the defendant because he has exercised his specific legal rights." The standard of proof to demonstrate a prosecutor made a charging decision in violation of his rights under the U.S. Constitution is very demanding. *Nunes v. Ramirez-Palmer* 485 F.3d 432, 441 (9th Cir. 2007)(citing *United States v. Armstrong* 51`7 U.S. 456, 463 (1996)). Courts generally presume public officials properly discharge their official duties. *Id.*

In *United States v. Jenkins*, the 9th Circuit affirmed the district court's dismissal of an indictment for vindictive prosecution. 504 F.3d 694, 700 (9th Cir. 2007). The district court concluded the government's decision to press alien smuggling charges after a defendant asserted a reasonably credible defense during

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 4 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS Document 42 Filed 10/01/21 Page 4 of 8

her trial testimony in a marijuana importation trial raised a "reasonable or realistic likelihood" that the government's decision was motivated by a retaliatory purpose. In *Jenkins*, the government had an "open and shut" case before Jenkins testified in open court. *Id.*

This court's decision on this motion will most likely be reviewed de novo. *Jenkins*, 504 F.3d at 699. The court must first determine whether the prosecutor's conduct in charging Pettus appears motivated by a desire to punish the defendant for exercising a legal right. *Id.* Then, the court must decide whether the prosecutor has produced sufficient evidence to dispel any appearance of vindictiveness. *Id.* The prosecutor must overcome a presumption of vindictiveness by "objective evidence justifying the prosecutor's action. *Jenkins*, 504 F.3d at 701, citing *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982).

### III. ARGUMENT

This motion is not premised on the basis of direct evidence of vindictiveness or retaliatory intent by the United States. Rather, this motion is supported by the reasonable likelihood of vindictiveness based on the circumstances. Pettus does not raise the specter of vindictive intent by the prosecutor lightly. He recognizes the latitude prosecutors have in making charging decisions but the circumstances of the first superseding indictment require examination by the court.

Pettus has established a prima facie case of vindictive prosecution. The United States initially took thirteen months to indict Pettus for the September 30, 2019 incident. In connection with both plea agreement proposals, the United States threatened to seek additional felony charges against Pettus if he did not accept the proposals. In its threats to seek additional, more serious charges against Pettus,

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 5 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 42   Filed 10/01/21   Page 5 of 8

the United States did not provide any explanation that it had obtained or was seeking additional information to support the additional, more serious charges. The threat of additional charges did not relate to another, unrelated incident involving Pettus. Pettus rejected both of the plea agreement proposals from the United States, in order to exercise his constitutional right to jury trial. In response and in retaliation, the United States sought and obtained a first superseding indictment adding Count II.

The addition of Count II is a more serious charge which increases the potential risk to Pettus, as it carries a potential sentence of up to twenty years. Count I subjects Pettus to a maximum sentence of ten years. The United States could have sought an indictment against Pettus for Count II when it first presented its case to the grand jury, as it was based on the police report Pettus filed shortly after the incident on September 30, 2019.

Pettus is an Anchorage Police Officer who has been accused by the State of Alaska and the United States of violating Allen's constitutional rights and lying in his police reports about the incident. The prosecution of Pettus in this matter appears to be unprecedented in the District of Alaska. Pettus has not received the presumption that he discharged his duties properly. His actions and intent related to the September 30, 2019 incident have been characterized as improper. Under the circumstances, the United States is not entitled to the presumption that it acted properly in threatening Pettus with more serious charges if he did not accept its plea agreement proposal.

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 6 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 42   Filed 10/01/21   Page 6 of 8

## IV. CONCLUSION

Pettus is entitled to a presumption of vindictive prosecution under the circumstances that led to the fist superseding indictment. When Pettus rejected the second plea agreement proposal by exercising his constitutional right to a jury trial on Count I, the United States retaliated by adding a more serious charge. The United States could have added Count II when it initiated its prosecution against Pettus. The United States should not be permitted to retaliate against defendants who exercise their right to a jury trial. Pettus is entitled to dismissal of Count II and the first superseding indictment.

A proposed order accompanies this motion.

Respectfully submitted this 1st day of October, 2021.

>SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
>Attorneys for Defendant Cornelius Aaron Pettus, Jr.
>
>By:       /s/Clinton M. Campion
>   Clinton M. Campion, State Bar No. 0812105
>   SEDOR WENDLANDT EVANS FILIPPI LLC
>   500 L Street, Suite 500 Anchorage, Alaska 99501
>   (907) 677-3600 (Telephone)
>   (907) 677-3605 (Facsimile)
>   Email address: campion@alaskalaw.pro

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.*    Page 7 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS    Document 42    Filed 10/01/21    Page 7 of 8

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via CM/ECF this 1st day of October, 2021 on:

James A. Klugman

___/s/Riza Smith_____
Certification signature

MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 8 of 8
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 42   Filed 10/01/21   Page 8 of 8