Clinton M. Campion, Alaska Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605
Email: campion@alaskalaw.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>             Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR VINDICTIVE PROSECUTION**

    Defendant Cornelius Aaron Pettus Jr., by and through counsel, Sedor, Wendlandt, Evans & Filippi, LLC, hereby responds to the United States of America's opposition to his motion to dismiss for vindictive prosecution.

    Pettus acknowledges the cases cited by the United States which have permitted federal prosecutors to threaten more serious charges if a defendant does not accept the terms of its proposed plea agreements. The United States, in opposition to Pettus' motion to dismiss, seemingly acknowledged that it added a more serious charge in this prosecution because he refused to "admit guilt to any

criminal charges."[1] In its opposition, the United States did not bother to offer any other explanation for its decision to add a more serious charge beyond Pettus' insistence on exercising his constitutional right to trial. Pettus alleges the circumstances create a presumption of vindictiveness, requiring the United States to justify its decision.

The United States maintains Pettus retaliated against S.A. by issuing him citations and delivering them to his residence. The United States suggests Pettus retaliated against S.A. for recording and criticizing officers of the Anchorage Police Department. The United States has not provided evidence to support Pettus' motivation to retaliate against S.A. because there is none, yet its prosecution of Pettus is premised on this theory. The United States' prosecution of Pettus for his interactions with S.A. and his related police report is unprecedented in this District. The United States does not dispute this assertion.

Pettus vehemently denies he engaged in conduct constituting a willful violation of S.A. He vehemently denies falsifying a police report regarding his interaction with S.A. Pettus, and that he is somehow obligated to admit guilt to the charges or that the United States should have reasonably expected he would do so to avoid the inconvenience or expense of a trial. Pettus further objects to any reference that he engaged in plea agreement discussions with the United States. Pettus did inform the United States and the State of Alaska he was willing to forego his career in law enforcement in exchange for dismissal of the pending criminal

---

[1] ECF No. 43 at 4.

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 2 of 5
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 44   Filed 10/07/21   Page 2 of 5

charges. Pettus has never indicated that he was willing to plead guilty to any criminal offenses in either prosecution.

In its opposition, The United States relies on cases from last century to justify its decision to retaliate against Pettus for exercising his right to trial by jury. It rejects the principles outlined in *United States v. Jenkins*, 504 F.3d 694, 699-700 (9th Cir. 2007). The Ninth Circuit has held that the "mere appearance of prosecutorial vindictiveness suffices to place the burden on the government" to justify its decision. As in *Jenkins*, the United States had enough evidence to have added the more serious charge against Pettus during the first grand jury presentation but chose not to do for unexplained reasons.

Pettus struggles to understand why the United States has chosen him for felony-level, federal prosecution for relatively minor use of force on a person with a history of violence and belligerence toward law enforcement officers. Under the circumstances, Pettus is entitled to exercise his right to a jury trial without the threat of more serious charges if he does so.

The court may be constrained by cases that permit the United States to engage in such practices, and the court is not bound to endorse this practice without reasonable explanation from the United States. For example, the United States did not suggest it was unable to add the second charge because the evidence supporting the more serious charge was previously unavailable. It did not suggest it re-evaluated its prosecution strategy against Pettus, causing it to add the more serious charge. It did not suggest that there was a change in office policy resulting from a change in leadership. It did not explain that it chose not to add the more

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.*  Page 3 of 5
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 44   Filed 10/07/21   Page 3 of 5

serious charge to prevent Pettus from dealing with the consequences of the more serious charge.

This court should conclude that the United States cannot explain its decision to add a more serious charge for any reason, other than Pettus' exercise of his right to a trial. The court should conclude the United States could have sought an indictment on the more serious charge when it sought the original indictment in this case. The court should conclude the United States threatened to add the more serious charge during plea negotiations to leverage Pettus to plead guilty.

The United States should not be permitted to retaliate against defendants who exercise their right to a jury trial. The United States has made no effort to justify or explain why it should be allowed to simply do business as usual. The court should impose the "prophylactic rule" upon prosecutorial discretion in seeking new indictments to relieve defendants who assert their right to trial from the burden of more serious charges, and to prevent the chilling effect on the exercise of the right to trial for other defendants in the future.[2]

Pettus is entitled to dismissal of the first superseding indictment under the circumstances, particularly in the absence of any non-vindictive justification from the United States.

---

[2] Jenkins, 504 F.3d at 700.

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 4 of 5
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 44   Filed 10/07/21   Page 4 of 5

Respectfully submitted this 7th day of October, 2021.

> SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
> Attorneys for Defendant Cornelius Aaron Pettus, Jr.
>
> By:    /s/Clinton M. Campion
> Clinton M. Campion, State Bar No. 0812105
> SEDOR WENDLANDT EVANS FILIPPI LLC
> 500 L Street, Suite 500 Anchorage, Alaska 99501
> (907) 677-3600 (Telephone)
> (907) 677-3605 (Facsimile)
> Email address: campion@alaskalaw.pro

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via CM/ECF this 7th day of October, 2021 on:

James A. Klugman

   /s/Riza Smith
Certification signature

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
*United States of America vs. Cornelius Aaron Pettus, Jr.*   Page 5 of 5
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 44   Filed 10/07/21   Page 5 of 5