# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>  Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

### ORDER RE MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

Before the Court at Docket 42 is defendant Cornelius Aaron Pettus, Jr.'s Motion to Dismiss for Vindictive Prosecution. The government responded in opposition at Docket 43.

An Indictment was filed in October 2020 charging Mr. Pettus, in Count I, with willfully using unconstitutionally excessive force in his official capacity as a police officer on September 30, 2019, in violation of 18 U.S.C. § 242, which carries a maximum sentence of ten years.[1] A First Superseding Indictment was filed in September 2021, which added Count II, charging Mr. Pettus with the falsification of records in connection with a federal investigation in violation of 18 U.S.C. § 1519, which carries a maximum sentence of twenty years.[2]

---

[1] Docket 2 (Indictment).

[2] Docket 38 (First Superseding Indictment).

Mr. Pettus now moves to dismiss Count II. He asserts that the government vindictively charged him with Count II after he rejected two plea offers and elected to exercise his constitutional right to a jury trial on Count I.[3]

**LEGAL STANDARD**

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right."[4] "A defendant may establish vindictive prosecution . . . by showing that the circumstances establish a 'reasonable likelihood of vindictiveness,' thus giving rise to a presumption that the Government must in turn rebut."[5]

"[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus toward the defendant because he has exercised his specific legal rights."[6] "In our system, so long as the

---

[3] *See* Docket 42.

[4] *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) (quoting *United States v. Gamez–Orduno*, 235 F.3d 453, 462 (9th Cir. 2000)).

[5] *Id.* at 912–13 (quoting *United States v. Goodwin*, 457 U.S. 368, 373 (1982)); *accord United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017).

A defendant "may [also] establish prosecutorial vindictiveness by producing direct evidence of the prosecutor's punitive motivation towards her." *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). However, Mr. Pettus's "motion is not premised on the basis of direct evidence of vindictiveness or retaliatory intent by the United States." Docket 42 at 5.

[6] *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982) (citing *Goodwin*, 457 U.S. at 373); *Jenkins*, 504 F.3d at 694 ("Rather, she must demonstrate a *reasonable likelihood* that the government would not have brought the alien smuggling charges had she not elected to testify at her marijuana smuggling trial and present her theory of the case." (emphasis in original)).

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion to Dismiss for Vindictive Prosecution*
Page 2 of 7
Case 3:20-cr-00100-SLG-MMS   Document 51   Filed 12/15/21   Page 2 of 7

prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion."[7]

## DISCUSSION

Mr. Pettus contends that he is entitled to a presumption of vindictiveness here because the government presented him with two plea offers, both of which informed him that the government intended to seek the additional, more serious Count II charge if he did not enter into the plea agreement, and that, after he rejected the plea offers, the government filed the superseding indictment with Count II, even though it could have sought to include this count in the original indictment.[8]

> The Supreme Court addressed a similar situation in *Bordenkircher v. Hayes*:
>
> The respondent, Paul Lewis Hayes, was indicted by a Fayette County, Ky., grand jury on a charge of uttering a forged instrument in the amount of $88.30, an offense then punishable by a term of 2 to 10 years in prison. After arraignment, Hayes, his retained counsel, and the Commonwealth's Attorney met in the presence of the Clerk of the Court to discuss a possible plea agreement. During these conferences the prosecutor offered to recommend a sentence of five years in prison if Hayes would plead guilty to the indictment. He also said that if Hayes did not plead guilty and "save[d] the court the inconvenience and necessity of a trial," he would return to the grand jury to seek an indictment under the Kentucky Habitual Criminal Act, which would subject Hayes to a mandatory sentence of life imprisonment by reason of his two prior felony convictions. Hayes

---

[7] *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

[8] Docket 42 at 5–6.

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion to Dismiss for Vindictive Prosecution*
Page 3 of 7
Case 3:20-cr-00100-SLG-MMS   Document 51   Filed 12/15/21   Page 3 of 7

> chose not to plead guilty, and the prosecutor did obtain an indictment charging him under the Habitual Criminal Act. It is not disputed that the recidivist charge was fully justified by the evidence, that the prosecutor was in possession of this evidence at the time of the original indictment, and that Hayes' refusal to plead guilty to the original charge was what led to his indictment under the habitual criminal statute.[9]

The Supreme Court held that "the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment."[10] The Supreme Court's holding in *Bordenkircher* established that this type of plea-bargaining strategy does not amount to punishment or retaliation, "so long as the accused is free to accept or reject the prosecution's offer."[11]

The relevant facts of this case are quite similar to those in *Bordenkircher*. The government informed Mr. Pettus of its intent to bring the additional more serious charge if he rejected a plea agreement even though the government could have justified its charging decision had it brought the more serious charge in the original indictment. Mr. Pettus was free to accept or reject the plea offers, and opted to reject them. The government then filed the superseding indictment that included Count II. *Bordenkircher* is controlling here—the government's pursuit of

---

[9] 434 U.S. at 358–59.

[10] *Id.* at 365.

[11] *Id.* at 363.

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion to Dismiss for Vindictive Prosecution*
Page 4 of 7
Case 3:20-cr-00100-SLG-MMS   Document 51   Filed 12/15/21   Page 4 of 7

the additional charge did not violate the Constitution.[12]

The Court also finds Mr. Pettus's specific arguments unavailing. The primary case cited by Mr. Pettus, *United States v. Jenkins*, is inapposite.[13] There, the defendant testified at her own trial and was charged with additional crimes while the jury was deliberating.[14] The Ninth Circuit upheld the district court's explanation that its dismissal of the additional charge "was a 'prophylactic' measure intended to prevent the chilling of a defendant's ability to take the witness stand."[15] Because Mr. Pettus's trial has not started and he has not testified, the procedural posture of this case is considerably more similar to *Bordenkircher* than to *Jenkins*.

Mr. Pettus also appears to suggest that the government's filing of the superseding indictment subsequent to his submission of an expert witness report, which purportedly exculpates him, raises a presumption of vindictiveness.[16] However, as Mr. Pettus concedes, the government first informed him of its intent to file the additional charge prior to his submission of the expert witness report.[17]

---

[12] *See also Kent*, 649 F.3d at 913 ("Also, in the plea negotiation context, the prosecutor's latitude to threaten harsher charges to secure a plea agreement advances the interest in avoiding trial shared by the prosecutor, defendant, and public.").

[13] 504 F.3d 694 (9th Cir. 2007).

[14] *Id.* at 697.

[15] *Id.* at 699, 702.

[16] *See* Docket 42 at 2–3.

[17] *See* Docket 42 at 2–3 (discussing the March 10, 2021 first proposed plea agreement, which contained notice of the government's intent to consider a superseding indictment, and the

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion to Dismiss for Vindictive Prosecution*
Page 5 of 7
Case 3:20-cr-00100-SLG-MMS   Document 51   Filed 12/15/21   Page 5 of 7

Mr. Pettus further asserts a presumption of vindictiveness because "[i]n its threats to seek additional, more serious charges against Pettus, the United States did not provide any explanation that it had obtained or was seeking additional information to support the additional, more serious charges."[18]  But there was no additional evidence in *Bordenkircher* either; a presumption of vindictiveness does not arise whenever no new evidence or information has been obtained prior to the filing of additional charges.[19]

Lastly, Mr. Pettus asserts that he has not "received the presumption that he discharged his duties properly" and that, "[u]nder the[se] circumstances, the United States is not entitled to the presumption that it acted properly in threatening Pettus with more serious charges if he did not accept its plea agreement proposal."[20]  Mr. Pettus cites no legal authority to support this proposition, and the Court declines to adopt his reasoning.

In conclusion, the Court finds that Mr. Pettus has not demonstrated a reasonable likelihood of vindictiveness with respect to the filing of the First

---

August 17, 2021 expert witness report).

[18] Docket 42 at 5–6.

[19] *See also Kent*, 649 F.3d at 913 ("For good reasons, the Supreme Court has urged deference to pretrial charging decisions.  'In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At [the pretrial] stage ..., the prosecutor's assessment of the proper extent of prosecution may not have crystalized.'" (quoting *Goodwin*, 457 U.S. at 381)).

[20] Docket 42 at 6.

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion to Dismiss for Vindictive Prosecution*
Page 6 of 7
Case 3:20-cr-00100-SLG-MMS   Document 51   Filed 12/15/21   Page 6 of 7

Superseding Indictment.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 42 is DENIED.

DATED this 15th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cr-00100-SLG-MMS, *United States v. Pettus*
*Order re Motion to Dismiss for Vindictive Prosecution*
Page 7 of 7
Case 3:20-cr-00100-SLG-MMS   Document 51   Filed 12/15/21   Page 7 of 7