S. LANE TUCKER
United States Attorney

CHARISSE ARCE
ALLISON M. O'LEARY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: charisse.arce@usdoj.gov
       allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:20-cr-00100-SLG-MMS |
| Plaintiff, | ) |
| vs. | ) |
| CORNELIUS AARON PETTUS, JR., | ) |
| Defendant. | ) |

**UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE OF VICTIM'S CRIMES, WRONGS, ACTS, OR CHARACTER**

The United States respectfully requests that the Court issue an order limiting references and examination at trial on the character, other acts, wrongs, and convictions of the victim of the offense alleged in Count 1 of the Indictment. At the time of the events at issue in this case, the victim, S.A., had been convicted of seven misdemeanor

crimes. He now has nine misdemeanor convictions and a pending misdemeanor charge based on an April 2022 incident. He has also been involved in many acrimonious interactions with law enforcement officers, and he maintains a YouTube channel detailing his interactions. The United States anticipates that the defendant may attempt to introduce evidence and refer in voir dire, opening statements, examination, and argument to these acts, wrongs, and crimes for the purpose of demonstrating that S.A. had a violent or aggressive character.

The United States requests that the Court issue an order that ensures the evidence and statements at trial adhere to the strict limitations that the Federal Rules of Evidence place on the use of character evidence. Specifically, the United States requests that the Court:

1) Exclude any reference to or evidence of S.A.'s criminal history, other wrongs, or other acts unless and until S.A. testifies at trial, including any such references during voir dire, opening statements, and examination of witnesses, except for references in opening statements to anticipated opinion or reputation testimony about S.A.'s character for a relevant character trait if the defense has a good faith basis to expect such evidence will be admitted;

2) Exclude any reference to or evidence of S.A.'s criminal convictions including during voir dire, opening statements, and examination of witnesses.

3) Exclude any reference to or evidence of pending criminal charges or other acts or wrongs by S.A. unless they are directly probative of S.A.'s character for truthfulness or untruthfulness, including during voir dire, opening statements, and examination of witnesses;

4) Exclude any reference to or evidence of specific acts of allegedly aggressive or violent conduct by S.A., including during voir dire, opening statements, and examination of witnesses, except on cross examination of a witness who first testified on direct examination to an opinion or reputation of S.A's character for such a trait.

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS

## I. Introduction

On October 21, 2020, defendant Cornelius Pettus was indicted and charged with one violation of 18 U.S.C. § 242 for deprivation of rights under color of law resulting in injury. ECF No. 2. On September 21, 2021, a superseding indictment added one charge for obstructing justice in violation of 18 U.S.C. § 1519. ECF No. 38. A jury trial is set for July 6, 2022. ECF No. 55.

The indictments followed a September 30, 2019, incident when the defendant was working as a patrol officer with the Anchorage Police Department. That evening, he and other officers encountered victim S.A., whom the defendant recognized from his YouTube channel. After exchanging heated words with the defendant, S.A. left the area on his bicycle.

The defendant decided to issue bicycle-related citations to S.A., and with another officer, he traveled to S.A.'s apartment where he served S.A. the citations at S.A.'s door. As the defendant began walking back to his patrol car, S.A. followed and cursed at him while filming the interaction on his cell phone. The defendant snatched the phone from S.A., announcing that "it's mine now." When S.A. asked if the defendant was "gonna just grab my phone, huh?", the defendant responded, "[s]o, it's evidence. Thanks. See ya." He then shoved S.A. in the chest and turned to walk back around his car.

S.A. followed the defendant, who turned around and asked, "What's up?", then punched S.A. in the jaw. The defendant advanced on S.A. and attempted to kick him in the groin, causing S.A. to take several steps backwards to regain balance. The defendant stood

over S.A. and asked him if he "want[ed] more", before repeatedly deploying his OC spray on S.A. as S.A. retreated back to his apartment. S.A. was arrested for assaulting the defendant, resisting arrest, and disorderly conduct. He spent approximately a week in pretrial detention before the municipal prosecutor moved to dismiss the charges against him.

## II. Analysis

### a. Admissibility of Character Evidence

Evidence Rules 403, 404, 405, 608, and 609 govern admission of victim character evidence, and together, they also ensure the defendant's constitutional right to effective cross-examination. *See* U.S. Const. amend VI; *United States v. Singh*, 995 F.3d 1069, 1080 (9th Cir. 2021) (Confrontation Clause not violated by "well-established limitations that permeate the Federal Rules of Evidence"). Evidence Rule 404 "deals with the basic question [of] whether character evidence should be admitted" in a criminal case. Fed. R. Evid. 404 advisory committee's note. Where, as here, character is not an element of a crime, claim, or defense, the use of character evidence is generally "circumstantial," meaning that it is used to infer that a person acted consistently with his character on a specific occasion. *Id.* This type of evidence is generally disfavored because it:

> is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Id.* (internal quotations and citations omitted).

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS

4

Nevertheless, the Rules of Evidence recognize limited exceptions that allow the admission of character evidence, three of which arguably could apply in this case: (1) reputation or opinion testimony on the victim's character for violence or aggression, (2) reputation or opinion testimony on the victim's character for truthfulness and untruthfulness, and (3) cross-examination of the victim on specific acts probative of truthfulness and untruthfulness.  *See* Fed. R. Evid. 608, 609, 404(a)(2)(B), (a)(3), (b). The United States seeks an order limiting use of the victim's other crimes, acts, and wrongs that conforms with the Rules of Evidence.

### b. Admissibility of Victim's Criminal Convictions

#### 1. Evidence of the victim's criminal convictions is not admissible for impeachment

The victim's misdemeanor convictions are not admissible as impeachment evidence because none includes an element of dishonest act or false statement. The Ninth Circuit has conclusively determined that "evidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609[.]" *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).  That rule permits admission of a witness's conviction "if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement[,]" provided the conviction or release from confinement occurred within ten years.  Fed. R.

Evid. 609(a)(2), (b).[1]

Crimes of "dishonest act or false statement," according to the Federal Rules of Evidence Advisory Committee, are "crimes such as perjury, subordination of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully." Fed. R. Evid 609 advisory committee's note to 2006 Amendments (internal quotation marks omitted). Accordingly, only evidence of conviction of crimes with an element of dishonest act or false statement are admissible for impeachment under Rule 609.

None of the victim's crimes of conviction have an element of dishonest act or false statement. The elements of the victim's crimes of conviction are:

**Trespass (2021)**

1. Knowingly entering or remaining on public premises or property, or in a public vehicle when the premises, property, or vehicle is not open to the public. AMC 8.45.010(A)(3)(a); Exh. 1 at 7.

**Disobey Lawful Order of Police Officer (2021)**

1. At least recklessly disobeying the lawful orders of any public officer. AMC 8.30.010(A)(6); Exh. 1 at 7.

**Assault on a police officer (2019)**

1. Either:

---

[1] In the case of older convictions, admissibility turns on 1) written notice to an adverse party of intent to use the conviction, and 2) a balancing of probative value against prejudicial effect. Fed. R. Evid. 609(b). Rule 609's provisions for felony convictions are inapplicable to the victim, as he has no felony convictions.

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS

6

i. Recklessly causing physical injury to another person; or

   ii. Criminally negligently causing physical injury to another person by means of a dangerous instrument; or

   iii. Recklessly placing another person in fear of imminent physical injury by means of words or other conduct; or

   iv. Recklessly placing a family member in reasonable fear of imminent physical injury or death to that family member or another person by means of words or other conduct; and

2. The offender knows or reasonably should have known that the victim is a police officer, firefighter, paramedic, or animal control officer engaged in the performance of official duties. AMC 8.10.010(B), (D); Exh. 1 at 12.

### Disorderly conduct (2007)

1. Knowingly challenging another to fight, or

2. Knowingly engaging in fighting other than in self-defense. AMC 8.30.120(A)(6); Exh. 1 at 14.

### Assault by causing fear of imminent injury (2007)

1. Recklessly placing another person in fear of imminent physical injury by words or conduct. AS 11.41.230(a)(3); Exh. 1 at 15.

### Second-degree criminal trespass (2007)

1. Knowingly entering or remaining unlawfully in or upon premises. AS 11.46.330(a)(1); AS 11.81.610(b)(1); Exh. 1 at 16.

### Furnishing alcohol to a minor (2003)

1. Knowingly furnishing or delivering an alcoholic beverage to a person with reckless disregard for the fact that the person is under the age of 21 years. AS 04.16.051(a); AS

11.81.610(b); Exh. 1 at 17.

**Assault by recklessly injuring (2003)**

1. Recklessly causing physical injury to another person. AS 11.41.230(a)(1); Exh 1 at 18.

**Abuse of third-party appointment (2002)**

1. At least recklessly failing to comply with the conditions set by the court on the third-party appointment. AMC 8.30.140(A)(2); Exh. 1 at 19; Exh. 5 (redacted CourtView charge summary for 3AN-01-01489CR showing conviction for subsection (A)(2)).

Because none of these offenses has an element of dishonest act or false statement, they are not admissible under Rule 609(b). *See Osazuwa*, 564 F.3d at 1175 (admissibility of criminal convictions governed by Rule 609); Fed. R. Evid 609 advisory committee's note to 2006 Amendments (internal quotation marks omitted) (only *crimen falsi* admissible under Rule 609).

### 2. Evidence of conduct underlying victim's convictions not admissible

The conduct underpinning the victim's convictions is not admissible for impeachment because Rule 609 does not permit impeachment by collateral details of a criminal conviction. As explained in the preceding section, admission of "evidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609[.]" *Osazuwa*, 564 F.3d at 1175. Under that rule, "evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *Id.* (quoting *United States v. Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2007)).

The case law in this area frequently includes the caveat that collateral details of a

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS

8

conviction may be used to impeach in unspecified "exceptional circumstances." *See, e.g.*, *Id.* at 1175. However, the undersigned has been unable to locate any appellate opinion identifying an "exceptional circumstance[]" permitting impeachment with collateral details of conviction. The soundness of this caveat is dubious because it appears to originate from a Fourth Circuit opinion that did not approve impeachment by collateral details of conviction. [2] Instead, the Fourth Circuit concluded in dicta that impeachment with prior convictions "should be restricted to the fact of such convictions, and the details of the earlier criminal conduct should not be explored[.]" *United States v. Smith*, 353 F.2d 166, 168 (4th Cir. 1965). In any event, there is no apparent "exceptional circumstance" here, thus the appropriate scope of inquiry into prior a conviction is no broader than "the prior conviction, its general nature, and punishment of felony range[.]". *Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). Accordingly, the conduct underlying the victim's convictions is not admissible for impeachment.

### c. Admissibility victim's other acts and wrongs

#### 1. Evidence of victim's other acts and wrongs inadmissible to prove violent character

In cases involving allegations of excessive force by a law enforcement officer, whether the victim has an aggressive or violent character often arises. *See*, *e.g.*, *United*

---

[2] *Osazuwa* cites *United States v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983), as its authority for the "exceptional circumstances" limit on the prohibition on impeachment by collateral details of a conviction. *Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). *Rubio* cites *United States v. Dow*, 457 F.2d 246, 250 (7th Cir. 1972), as the source of this exception. *Rubio*, 727 F.d at 797 n.5. And *Dow* cites *Smith* for the same. *Dow*, 457 F.2d at 250.

*State v. Geston*, 299 F.3d 1130 (9th Cir. 2002) (defendant officer charged with assault under color of law in violation of under 18 U.S.C. § 242 properly prohibited from cross-examining victim about prior acts of violence); *see generally United States v. Keiser*, 57 F.3d 847 (9th Cir. 1995) (defendant charged with assault in violation of 18 U.S.C. § 113(f) properly prohibited from eliciting testimony about specific incident of violence by victim). Most commonly, the defendant argues that the force used was justified under the circumstances and that the victim's character trait for aggressiveness supports an inference that the victim was the aggressor. *See* Fed. R. Evid. 404 advisory committee's note; *see, e.g.*, *Geston*, 299 F.3d 1130; *United States v. Schatzle*, 901 F.2d 252, 255-56 (2d Cir. 1990).

But evidence of other acts of violence or aggression by the victim are inadmissible to prove that the victim has a character for such traits, though such evidence may be elicited on cross-examination of a witness who first testified to the victim's character or reputation for a trait. Rule 404 permits admission of evidence of a victim's pertinent character trait, provided the probative value of such evidence is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" for admission.[3] Fed. R. Evid. 403; 404(a)(2)(B). "Once the admissibility of character evidence in some form is established under [Rules 403 and 404], reference must then be made to Rule 405 .

---

[3] Such evidence is limited by Rule 412 in sex-offense cases, which is not applicable to this case. Fed. R. Evid. 412.

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS
10
Case 3:20-cr-00100-SLG-MMS   Document 58   Filed 05/19/22   Page 10 of 18

. . in order to determine the appropriate method of proof." *United States v Charley*, 1 F.4th 637, 645 (9th Cir. 2021) (citing Advisory Committee Notes, Fed. R. Evid. 404).

Per Rule 405, "only reputation or opinion evidence is proper to show that the victim of an assault had a propensity towards violence." *United States v. Geston*, 299 F.3d 1130, 1138 (9th Cir. 2002); *see* Fed. R. Evid. 404(a). The exception is for a character trait that "is an essential element of a charge, claim, or defense," in which case "the character or trait may also be proved by relevant specific instances of the person's conduct."[4] Fed. R. Evid. 405(b). The victim's character is not an element of any charged offense in this case, however, nor is it an element of self-defense. *United States v. Keiser*, 57 F.3d 847, 855 (9th Cir. 1995) ("We conclude, however, that . . . victim character evidence introduced to support a claim of self-defense or defense of another should be limited to reputation or opinion evidence.") In this case, therefore, pertinent traits of the victim, such as a character for violence or aggression, may not be proven by "[e]vidence of any other crime, wrong, or act . . . in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

The limited exception is that "[o]n cross-examination of [a] character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." Fed. R. Evid. 405(a). Accordingly, the defense may not ask any witness questions about specific incidents of violence or aggression by the victim except on cross examination of

---

[4] Such as a defendant's history of engaging in charged criminal activity for an entrapment defense. If such evidence is admitted, the prosecution may introduce rebuttal evidence of the same trait of the defendant.

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS
11

a witness who first testified on direct examination to an opinion or reputation of the victim for a related character trait. *See* Fed. R. Evid. 405(a).

### 2. Only one of victim's other acts and wrongs probative of character for truthfulness or untruthfulness; only this act admissible to prove character

The victim has several pending or dismissed criminal cases and other police contacts where he interacted acrimoniously with police officers and other government actors. Except for a recent incident involving a dismissed charge for impersonating an officer, these acts are not admissible to prove the victim's character because they are not probative of character for truthfulness or untruthfulness. Evidence Rule 608 creates an exception to Rule 404(a)'s general prohibition on character propensity evidence for acts probative of truthfulness. Under that rule, the court may "allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness of untruthfulness of . . . the witness; or . . . another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b).

Cross-examination on a specific incident of violence is not permitted unless the incident is directly probative of character for truthfulness or untruthfulness by, for example, involving witness intimidation. *Cf. United States v. Meserve*, 271 F.3d 314, 328-29 (1st Cir. 2001) (finding improper cross examination about witness's involvement in fights because witness's "reputation in the community for violence w[as] completely irrelevant" to jury's credibility determination); *United States v. Manske*, 186 F.3d 770, 775 (7th Cir. 1999) (finding error in prohibiting cross-examination about threats made by

government cooperator); *United States v. Swanson*, 9 F.3d 1354, 1356, (8th Cir. 1993) (upholding prohibition on cross-examination about witness intimidation because it *did not* bear on credibility). The defendant identified five incidents involving the victim in a notice of intent to introduce prior bad acts evidence. ECF No. 29 at 2-5. None of these incidents are directly probative of character for truthfulness or untruthfulness, so they are not admissible to prove the victim's character for truthfulness. *See Meserve*, 271 F.3d at 328-29. Nor are any other acts of the victim involving rudeness, aggression, violence or threats thereof admissible unless they are directly probative of character for truthfulness. *Id.*

The victim was recently involved in an incident at the Alaska Department of Corrections' Mat-Su Pretrial facility in Palmer that, if true, is directly probative of his character for truthfulness, thus its admission is not barred by Rule 608. Exh. 3 (redacted DPS incident report). According to a safety bulletin from the Alaska State Troopers, the victim entered the Mat-Su pretrial facility with a video camera and identified himself as "Officer Jones" to Corrections Officers in a control room of that facility before exiting. Exh. 4 (redacted safety bulletin). He was contacted by Alaska State Troopers across the street at the Palmer Courthouse. Exh. 4. The Troopers arrested him and charged him with impersonating a public servant in the first degree. He was also charged with promoting contraband in the second degree based on possessing mace and a folding knife. Exh. 3. The Palmer District Attorney's Office dismissed the impersonating-a-public-servant charge, so only the charge for second-degree promoting contraband is pending. Exh. 2

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS
13
Case 3:20-cr-00100-SLG-MMS   Document 58   Filed 05/19/22   Page 13 of 18

(redacted CourtView Summary).

The United States does not oppose limited questioning of the victim on whether he falsely claimed to be an officer because such conduct would be probative of his character for truthfulness or untruthfulness. The United States does oppose questions about carrying mace or promoting contraband because these acts, if true, would not be probative of the victim's truthfulness or untruthfulness.

The victim may not be impeached with extrinsic evidence of the recent Mat-Su Pretrial facility incident, nor may the consequences of the conduct, such as his arrest or the now dismissed charge, be mentioned. Fed. R. Evid. 608(b), advisory committee's note, 2003 amendments para. 3; *see also Irvin v. City of Shaker Heights*, 2012 WL 13028095 at *2 (N.D.O.H. May 17, 2012) (permitting inquiry into alleged incident of impersonating a police officer because probative of truthfulness, but not allowing proof by extrinsic evidence or discussion of consequences such as disciplinary action). Cross-examination on this subject must be succinct, moreover, or it will illicit testimony that impermissibly "confus[es] the issues, . . . undue[ly] delay[s], [and] wast[es] time[.]" Fed. R. Evid. 403.

### d. The defendant has not identified valid non-propensity purposes for victim's other acts, wrongs, or convictions under Rule 404(b).

Except as explained in the preceding paragraphs, the victim's misdemeanor convictions, the underlying facts of these convictions, and his other antagonistic interactions with law enforcement are not probative of anything other than his propensity for making a nuisance of himself, so they are not admissible under Evidence Rule 404(b).

As discussed above, that rule prohibits admission of any other crime or wrong to prove character or that a person acted in accordance with his or her character on a particular occasion. Fed. R. Evid. 404(b)(1). It applies to all parties and witnesses, not just defendants. *United States v. McCourt*, 925 F.2d 1229, 1235 (9th Cir. 1991).

The rule does not bar admission of evidence of other crimes, wrongs, or acts to prove something else, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident". Fed. R. Evid. 404(b)(2). However, other bad act evidence is allowed to show something else, such as motive only when that other thing is relevant to a material issue. *See Huddleston v. United States*, 485 U.S. 681, 686 (1988) ("The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."); *see also United States v. Charley*, 1 F.4th 637, 648 (9th Cir. 2021) (other bad acts of defendant admissible to prove motive only if motive material issue to element of charged offense). Other-bad-act evidence is relevant "only as a relation between an item of evidence and a matter properly provable in the case[,]" and "if the jury can reasonably conclude that the act occurred and that the [witness] was the actor." *Huddleston*, 485 U.S. at 689.

The defendant claims that the victim's other law enforcement contacts and convictions identified in his Notice of Intent to Introduce Prior Bad Acts Evidence demonstrate the victim's "plan, motive, and intent," to "embarrass, trigger, and anger law enforcement officers" so that he can gain "notoriety on the internet as an agitator of law

enforcement" and "sue the officers and their departments." ECF No. 29 at 6. The defendant does not explain how the victim's "plan, motive, and intent" is relevant to his (the defendant's) decision assault the victim or any other material issue in the trial, which is required for admission of other-act evidence under Rule 404(b). *Id.*

Moreover, his only offer of proof for the victim's supposed mercenary motive is an *already settled* civil suit for damages related to incident charged *in this case*, *i.e.*, the defendant's punching, kicking, and spraying of the victim with OC spray that the United States now alleges was so egregious that it was a criminal violation of the victim's Constitutional Rights. ECF No. 29 at 6 n.1. This lone civil suit following the charged assault, *and no others, including following subsequent incidents with police*, does not suggest "a relation between [the victim's no-lawsuit-resulting other police contacts and criminal convictions identified by the defendant] and a matter properly provable in the case[,]" such as a mercenary motive. *Huddleston*, 485 U.S. at 689. The defendant has therefore failed to identify "a relation between [the victim's no-lawfuit-resulting other police contacts and criminal convictions] and a matter properly provable in the case[,]" rendering the other bad acts inadmissible under Rule 404(b) for their purported purpose. *See Huddleston*, 485 U.S. at 689. The defendant therefore appears to seek admission of the victim's crimes and other interactions with law enforcement for the purpose of proving the victim's propensity for being a nuisance, which is exactly what Rule 404(a) prohibits.

And to any extent that there is a miniscule relation between the victim's other

police contacts and criminal convictions and a mercenary motive, it is wildly outweighed by the risk of unfair prejudice, confusing the issues, and wasting time. It is therefore barred by Rule 403. Fed. R. Evid. 403.

To be clear, the United States does not suggest that the defense may not cross-examine the victim regarding the settlement of his civil suit related to this criminal case. Such cross-examination appears a valid, non-propensity-based inquiry on the victim's bias under Rule 404(b). The United States merely objects to the false claim that the victim's other interactions with law enforcement and criminal convictions, following which he did not seek money damages, are probative of a mercenary motive in this case.

### III. Conclusion

For these reasons, the United States seeks an order to:

5) Exclude any reference to or evidence of S.A.'s criminal history, other wrongs, or other acts unless and until S.A. testifies at trial, including any such references during voir dire, opening statements, and examination of witnesses, except for references in opening statements to anticipated opinion or reputation testimony about S.A.'s character for a relevant character trait if the defense has a good faith basis to expect such evidence will be admitted;

6) Exclude any reference to or evidence of S.A.'s criminal convictions including during voir dire, opening statements, and examination of witnesses.

7) Exclude any reference to or evidence of pending criminal charges or other acts or wrongs by S.A. unless they are directly probative of S.A.'s character for truthfulness or untruthfulness, including during voir dire, opening statements, and examination of witnesses;

8) Exclude any reference to or evidence of specific acts of allegedly aggressive or violent conduct by S.A., including during voir dire, opening statements, and examination of witnesses, except on cross examination of a witness who first testified on direct examination to an opinion or reputation of S.A's character for such a trait.

RESPECTFULLY SUBMITTED May 19, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Allison M. O'Leary
ALLISON M. O'LEARY
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2022, a true and correct copy of the foregoing was served electronically on the following:

Clinton Campion

s/ Allison M. O'Leary
Office of the U.S. Attorney

*U.S. v. Pettus*
3:20-cr-00100-SLG-MMS