S. LANE TUCKER
United States Attorney

CHARISSE ARCE
ALLISON M. O'LEARY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Charisse.Arce@usdoj.gov
       Allison.OLeary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:20-cr-0100-SLG-MMS |
| Plaintiff, | ) |
| vs. | ) |
| CORNELIUS AARON PETTUS, JR., | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION *IN LIMINE* REGARDING
UNRELATED INVESTIGATIONS**

The United States of America, by and through undersigned counsel, submits this motion *in limine* to preclude defendant Cornelius Aaron Pettus, Jr., from eliciting evidence or argument that the United States Attorney's Office, the State of Alaska, or any investigative body, allegedly declined to investigate or prosecute other Anchorage Police

Department Officers for use of force violations. Proof of such is irrelevant to the issues at trial and should be precluded under Rules 401, 402, 403, 802, and 803 of the Federal Rules of Evidence.

I. **FACTUAL BACKGROUND**

On September 30, 2019, the defendant was on patrol as a police officer for the Anchorage Police Department ("APD"). That day, S.A., a "First Amendment auditor" who posts videos of himself insulting APD officers to his YouTube account, rode past the defendant on his (S.A.'s) bicycle while taking a cellphone video and cursing at the defendant. The defendant and a second officer, Deorman Stout, tracked down victim S.A. at S.A.'s apartment to serve S.A. three citations based on this interaction for riding a bicycle without an audible warning device or forward-facing white lamp, as required by the Anchorage Municipal Code. The defendant had never before issued such citations, and they were for violations of ordinances rarely enforced by APD officers.

When the defendant arrived at S.A.'s apartment, the defendant gave S.A. copies of the citations, which S.A. refused. As the defendant returned to his patrol car, S.A., wearing only a pair of shorts, went outside and attempted to record the interaction using his cell phone. The defendant grabbed S.A.'s cell phone out of S.A.'s hands as the two stood in front of the defendant's police car, claiming it as "evidence." S.A. stepped closer to the defendant, who forcefully pushed him away. The defendant then walked around the front of his police car to the driver's door area, and S.A. followed. The defendant turned to face S.A. and said, "What's up?" Then he punched S.A. in the face and kicked at him.

S.A. backed away from the defendant, who pursued S.A., asking "You want some more?" The defendant sprayed OC spray, colloquially known as pepper spray, at S.A. as he walked back towards his apartment. The defendant gave no commands to S.A. while he was spraying him. Officer Stout stood back and watched until defendant began putting handcuffs on S.A. to arrest him for assaulting a police officer, disorderly conduct based on a challenge to fight, and resisting arrest.

Medical professionals evaluated S.A.'s condition at the scene. S.A. reported jaw pain from the punch, a scraped knee from when the defendant "sprayed [him] with OC and took [him] down," pain to his face, and irritation from OC spray. S.A. spent approximately a week in jail before the municipal prosecutor dismissed the case.

After the incident, the defendant wrote a police report claiming that S.A. had "challenged him to a fight" by taking a "fighting stance," which required him to use force to protect himself from imminent harm. After submitting the report, the defendant called his sergeant to ask to let him change it. The sergeant retained a copy of the original and allowed the defendant to change the report. The defendant added in additional details bolstering his claim that S.A.'s behavior was aggressive and threatening. These details are largely irreconcilable with in-car video that captured much of the incident. In a criminal interview with APD detectives, the defendant acknowledged that S.A.'s stance did not actually appear to reflect what the defendant wrote in the initial report or in his revised version. It also appears that the defendant did not realize that the incident was captured on his in-car video.

*U.S. v. Pettus*
3:20-cr-0100-SLG-MMS
3
Case 3:20-cr-00100-SLG-MMS   Document 60   Filed 05/25/22   Page 3 of 6

## II. ARGUMENT

### A. Legal Authority

Federal Rule of Evidence 402 bars the admission of irrelevant evidence. Even if evidence is relevant, Rule 403 bars admission where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Arguments or evidence that would "invite the jury to question" why the Government has indicted the defendant "as opposed to other individuals who may also have committed ... similar crimes" are "essentially claims of selective prosecution." *United States v. Yang*, No. 16-CR-00334-LHK, 2019 WL 5536213, at *5 (N.D. Cal. Oct. 25, 2019) (citing *United States v. Stewart*, No. 03 CR.717(MGC), 2004 WL 113506 at *1 (S.D.N.Y. Jan. 26, 2004), aff'd, 433 F.3d 273 (2d Cir. 2006). "A selective prosecution challenge, as a defense 'based on a defect in the institution of the prosecution,' must be raised prior to trial." *United States v. Cortez*, 973 F.2d 764, 766 (9th Cir. 1992) (quoting Fed. R. Crim. P. 12(b)(1)). Such a claim has no bearing on whether the defendant committed an offense. *See* Fed. R. Evid. 402 (relevant evidence makes fact in question more or less probable).

### B. Analysis

As of the date of this filing, the government has not received discovery from the defendant regarding other APD officers who may have committed similar offenses.

*U.S. v. Pettus*
3:20-cr-0100-SLG-MMS

However, based on conversation with defense counsel, the government anticipates the defendant may attempt to elicit evidence or argument that law enforcement allegedly declined to investigate similar offenses of other APD officers, or the United States Attorney's Office or the State of Alaska allegedly declined to prosecute other APD officers for similar violations. Evidence of such should be excluded because it is irrelevant hearsay.

Charging decisions are hearsay because they are out-of-court statements by prosecutors. Fed. R. Evid. 801, 802. Charging decisions are also not relevant because they do not make more or less probable any facts of consequence to proving the elements of the charged offense. Fed. R. Evid. 401, 402. Put another way, evidence of other offenses committed by individuals with no connection to the instant case is not relevant to the guilt or innocence of the defendant. Further, there is a substantial probability that evidence about charging decisions is likely to confuse and mislead the jury with conjecture and speculation about the actions or inactions of prosecutors or law enforcement when the jury should be focused on the defendant's conduct. It is therefore inadmissible under Rule 403.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests this Court preclude the defendant from eliciting evidence or argument of similar crimes committed by individuals with no connection to the instant case.

//

*U.S. v. Pettus*
3:20-cr-0100-SLG-MMS
5
Case 3:20-cr-00100-SLG-MMS   Document 60   Filed 05/25/22   Page 5 of 6

RESPECTFULLY SUBMITTED May 25, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ *Charisse Arce*
CHARISSE ARCE
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2022,
a true and correct copy of the foregoing
was served electronically on the following:

Clinton Campion, Esq.

s/ Charisse Arce
Office of the U.S. Attorney