S. LANE TUCKER
United States Attorney

CHARISSE ARCE
ALLISON M. O'LEARY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Charisse.Arce@usdoj.gov
       Allison.OLeary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:20-cr-0100-SLG-MMS |
| Plaintiff, | ) |
| vs. | ) |
| CORNELIUS AARON PETTUS, JR., | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE REGARDING
INTERNAL AFFAIRS INVESTIGATIONS**

The United States of America, by and through undersigned counsel, submits this motion *in limine* to preclude defendant Cornelius Aaron Pettus, Jr. from eliciting evidence or argument regarding the existence, findings, or conclusions of any Internal Affairs ("IA") Investigations conducted by the Anchorage Police Department concerning

the incidents charged in the Superseding Indictment. Evidence of non-factual findings or conclusions of an IA Investigation are hearsay inadmissible under Rule 802 of the Federal Rules of Evidence, and evidence of the existence of an IA is irrelevant except for the purpose of proving consequences of a bad act, which is forbidden by Rule 608. Furthermore, evidence of the IAs regarding the charged incident will waste time and confuse the issues and should therefore be precluded under Rule 403.

## I. BACKGROUND

### A. Facts

On September 30, 2019, the defendant was on patrol as a police officer for the Anchorage Police Department ("APD"). That day, S.A., a "First Amendment auditor" who posts videos of himself insulting APD officers to his YouTube account, rode past the defendant on his (S.A.'s) bicycle while taking a cellphone video and cursing at the defendant. The defendant and a second officer, Deorman Stout, tracked down victim S.A. at S.A.'s apartment to serve S.A. three citations based on this interaction for riding a bicycle without an audible warning device or forward-facing white lamp, as required by the Anchorage Municipal Code. The defendant had never before issued such citations, and they were for violations of ordinances rarely enforced by APD officers.

When the defendant arrived at S.A.'s apartment, the defendant gave S.A. copies of the citations, which S.A. refused. As the defendant returned to his patrol car, S.A., wearing only a pair of shorts, went outside and attempted to record the interaction using his cell phone. The defendant grabbed S.A.'s cell phone out of S.A.'s hands as the two

stood in front of the defendant's police car, claiming it as "evidence." S.A. stepped closer to the defendant, who forcefully pushed him away. The defendant then walked around the front of his police car to the driver's door area, and S.A. followed. The defendant turned to face S.A. and said, "What's up?" Then he punched S.A. in the face and kicked at him. S.A. backed away from the defendant, who pursued S.A., asking "You want some more?" The defendant sprayed OC spray, colloquially known as pepper spray, at S.A. as he walked back towards his apartment. The defendant gave no commands to S.A. while he was spraying him. Officer Stout stood back and watched until defendant began putting handcuffs on S.A. to arrest him for assaulting a police officer, disorderly conduct based on a challenge to fight, and resisting arrest.

Medical professionals evaluated S.A.'s condition at the scene. S.A. reported jaw pain from the punch, a scraped knee from when the defendant "sprayed [him] with OC and took [him] down," pain to his face, and irritation from OC spray. S.A. spent approximately a week in jail before the municipal prosecutor dismissed the case.

After the incident, the defendant wrote a police report claiming that S.A. had "challenged him to a fight" by taking a "fighting stance," which required him to use force to protect himself from imminent harm. After submitting the report, the defendant called his sergeant to ask to let him change it. The sergeant retained a copy of the original and allowed the defendant to change the report. The defendant added in additional details bolstering his claim that S.A.'s behavior was aggressive and threatening. These details are largely irreconcilable with in-car video that captured much of the incident. In a

criminal interview with APD detectives, the defendant acknowledged that S.A.'s stance did not actually appear to reflect what the defendant wrote in the initial report or in his revised version. It also appears that the defendant did not realize that the incident was captured on his in-car video.

### B. Procedural History

After reviewing the case, APD initiated a criminal investigation into the defendant's actions, and the Alaska attorney general ultimately filed state criminal charges. The incident was also referred to the FBI, which began its own investigation into the possible commission of federal offenses.

On October 11, 2019, a state grand jury indicted the defendant with two counts of Assault in the Fourth Degree, and on July 28, 2020, charges relating to Tampering with Public Records were added.[1]

On October 21, 2020, a federal grand jury indicted the defendant for one count of Deprivation of Civil Rights under color of law, and on September 21, 2021, a federal grand jury added another charge for Falsification of Records during a government investigation. (Dkts. 2 and 38.)

### C. APD Administrative Process

Shortly after the arrest of S.A., separate Internal Affairs APD investigations into the actions of the defendant and Officer Stout commenced. The government believes the

---

[1] CourtView, 3AN-19-10036CR, State of Alaska v. Pettus Jr, Cornelius. (last visited May 23, 2022).

*U.S. v. Pettus*
3:20-cr-0100-SLG-MMS
4
Case 3:20-cr-00100-SLG-MMS   Document 61   Filed 05/25/22   Page 4 of 10

IA investigation for Officer Stout has concluded and the IA investigation for defendant remains pending. The findings and conclusions of Officer Stout's IA investigation are unknown to the government.

II. ARGUMENT

   A. Legal Authority

Federal Rule of Evidence 402 bars admission of irrelevant evidence. Even if relevant, evidence remains inadmissible under Rule 403 where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Rule 404(b) permits the introduction of evidence of "other crimes, wrongs, or acts…for [such] purposes…as proof motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. Fed. R. Evid. 608(b). For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness. *See United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999) (emphasizing that in attacking the defendant's character for truthfulness "the government cannot make reference to Davis's forty-four day suspension or that Internal Affairs found that he lied about" an incident because "[s]uch evidence would not only be

hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)").

Rule 802 bars admission of out-of-court statements offered for their truth, *i.e.* it bars hearsay. Fed. R. Evid. 802; 801(c). Conclusions and non-factual findings of internal investigations, if offered for their truth, are hearsay not admissible under records exceptions to the general hearsay ban. *Compare* Fed. R. Evid. 803 (permitting admission against government of factual findings from legally authorized investigation); *with id.*, 1974 advisory committee note to paragraph 8 ("The committee intends that the phrase 'factual findings' be strictly construed, and that *evaluations or opinions* contained in public reports shall not be admissible under this Rule." (emphasis added)); *see McCottrell v. White*, 933 F.3d 651, 668 (7th Cir. 2019) (factual findings do not include policy violations) *United States v. Robinson*, 322 Fed.Appx. 105, 108-09 (3d. Cir. 2009) (hearsay not admitted where conclusions of investigative report not introduced).

**B. Analysis**

To prove the charge for deprivation of civil rights, the United States must prove that the defendant (1) violated S.A.'s Fourth Amendment right to be free from unreasonable search and seizure by using more force against S.A. than was "objectively reasonable" under all of the circumstances known to the defendant, (2) did so with the specific intent to use more force than was reasonable under all of the circumstances, (3) did so under color of law, and (4) caused injury. *See* Tenth Circuit, Criminal Pattern Jury Instructions, 2.17 "Deprivation of Civil Rights", *available at*

https://www.ca10.uscourts.gov/form/criminal-pattern-jury-instructions. The United States does not have to prove that the defendant knew his actions were unlawful. *United States v. Reese*, 2 F.3d 870, 886 (9th Cir. 1993). These elements derive from *Graham v. Connor*, 490 U.S. 386 (1989), in which the Supreme Court established "objectively reasonable in light of the facts and circumstances confronting them" as the standard for uses of force consistent with the Fourth Amendment. *Id.* at 397.

The charged offenses cover the defendant's actions on September 30, 2019, and report writing in the next several days. Whatever small evidentiary value APD's subsequent initiation of an IA Investigation into the defendant or Officer Stout (or such an investigation's outcome) may have on the probability of any facts of consequence regarding the two charges in this case, this value is substantially outweighed by the likelihood that such evidence will confuse and mislead the jury. Fed. R. Evid. 403. Chief among the sources of confusion are that (1) the APD's IA Investigations are not evaluated by the "beyond-a-reasonable-doubt" standard applicable to this criminal case and (2) though APD's use of force policy incorporates the *Graham* standard, it is more prescriptive than that standard, thus it precludes more conduct than the Fourth Amendment. Further, the prejudicial effect is great because the jury may infer that the officers were guilty of wrongdoing merely because an administrative investigation was conducted. The jury should be focused on the defendant's conduct and the jury instructions for the charges in this case.

The IA Investigations relating to the September 30, 2019, incident are also not

*U.S. v. Pettus*
3:20-cr-0100-SLG-MMS
7
Case 3:20-cr-00100-SLG-MMS   Document 61   Filed 05/25/22   Page 7 of 10

relevant to any 404(b) purposes. This is because they necessarily arose *after* the charged conduct precluding them from probative value on knowledge, motive, or lack of mistake, the only issues that appear in dispute.[2]

Furthermore, the IA Investigations are not admissible to prove the defendant's or Officer Stout's character for truthfulness or untruthfulness under Rule 608(b). *See U.S. v. Rosario Fuentez*, 231 F.3d 700, 704–05 (10th Cir.2000) (no abuse of discretion in barring cross-examination regarding police officer's behavior during an internal affairs investigation); *U.S. v. Saunders*, 166 F.3d 907, 919–20 (7th Cir.1999) (no abuse of discretion in barring cross-examination on matters relating to an Office of Inspector General's report regarding an FBI agent); *U.S. v. Hamell*, 3 F.3d 1187, 1189 (8th Cir.1993) cert. denied, 510 U.S. 1138 (1994) (no abuse of discretion in barring cross-examination about an officer's dismissal from the police department for using illegal drugs and submitting false statements about drug use to investigators); *U.S. v. Johnson*, 968 F.2d 765, 766–67 (8th Cir.) cert. denied, 506 U.S. 980 (1992) (no abuse of discretion in preventing cross-examination regarding internal police investigation).

---

[2] As previously noticed, the government intends to offer evidence of a prior incident on March 20, 2018, where the Anchorage Police Department found the defendant's use of force to be excessive and in violation of policy. (Dkt. 32-2.) In contrast with Internal Affairs Investigations involving the conduct charged in this case, and as the Court has already found, the outcome of the investigation into a previous excessive force incident is highly probative of the defendant's knowledge about the reasonableness of the force used in the conduct charged here and, because it obviously involves a different incident, does not share the same dangers for confusing or misleading the jury. (Dkt. 34.)

*U.S. v. Pettus*
3:20-cr-0100-SLG-MMS
8
Case 3:20-cr-00100-SLG-MMS   Document 61   Filed 05/25/22   Page 8 of 10

Finally, the conclusions or evaluations of APD's IA Investigations are inadmissible because they are hearsay. Fed. R. Evid. 803, 1974 advisory committee note to paragraph 8 ("The committee intends that the phrase 'factual findings' be strictly construed, and that *evaluations or opinions* contained in public reports shall not be admissible under this Rule.").

### III. Conclusion

For the foregoing reasons, the government respectfully requests this Court preclude the defendant from eliciting evidence or argument regarding the existence, findings, or conclusions of any Internal Affairs Investigations conducted by the Anchorage Police Department concerning the incidents charged in the Superseding Indictment. Admission of such evidence would violate Federal Rules of Evidence 403, 608, and 802 because it has little, if any, probative value to the issues at trial, will prejudicially confuse and mislead the jury, may not be used to prove character, and is largely inadmissible hearsay.

RESPECTFULLY SUBMITTED May 25, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ *Charisse Arce*
CHARISSE ARCE
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on May 25, 2022,
a true and correct copy of the foregoing
was served electronically on the following:

Clinton Campion, Esq.

s/ Charisse Arce
Office of the U.S. Attorney