Clinton M. Campion, Alaska Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605
Email: campion@alaskalaw.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CORNELIUS AARON PETTUS, JR.,<br><br>    Defendant. | Case No. 3:20-cr-00100-SLG-MMS |

**OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE OF VICTIM'S CRIMES, WRONGS, ACTS, OR CHARACTER**

Defendant Cornelius Aaron Pettus Jr., by and through counsel Sedor, Wendlandt, Evans & Filippi, LLC, hereby opposes the United States' Motion in Limine to Limit Evidence of Victim's Crimes, Wrongs, Acts, or Character. Defendant filed notice of intent to introduce other acts evidence by S.A. on August 18, 2021.[1] The United States' Motion in Limine, filed on May 19, 2022, appears to be responsive to Defendant's notice, but also addresses additional acts committed by S.A. since August 2021.

---

[1] ECF No. 29.

Defendant anticipates that S.A. will continue to engage law enforcement officers in Alaska with the intent to provoke a response, which he will undoubtedly post on his YouTube channels to gain notoriety and to derive financial benefit. Defendant must be permitted to introduce evidence of S.A.'s other acts in order to assist the jury with understanding Defendant's state of mind during his encounter with S.A. and S.A.'s motivation, plans, and intent for his interactions with law enforcement. Defendant must also be permitted to introduce evidence of false statements made by S.A. to law enforcement officers which bear on his credibility.

## I.  RELEVANT BACKGROUND FACTS

The United States alleges that Defendant willfully deprived S.A. of his right to be free from the use of unreasonable force by a law enforcement officer on September 30, 2019, in violation of 18 U.S.C. § 242. Defendant has steadfastly maintained that he acted lawfully, reasonably, and in self-defense with regard to his interactions with S.A. on September 30, 2019.

Defendant began working for the University of Southern California Department of Public Safety in 2009, then shifted to the Los Angeles County Sheriff's Department as a Deputy Sheriff in 2012. Defendant began working for the Anchorage Police Department in 2015 as a recruit in the police academy. He graduated in 2016, receiving the "Defensive Tactics Award" as the most proficient recruit in arrest and control and force techniques in his Academy class. After graduation, he became a patrol officer.

S.A. is a self-proclaimed "First Amendment Auditor" and "Cop Watcher" who has been arrested several times. S.A. records his interactions with law

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*                              Page 2 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 2 of 12

enforcement officers and other government officials, and posts them on his YouTube channels. S.A. also posts lessons on sovereign citizen ideology on his YouTube channels. S.A. claims that he conducts "innocent" audits of law enforcement and other government officials.

On September 30, 2019, Defendant was on duty as a patrol officer for the Anchorage Police Department. At approximately 9:28 p.m., S.A., while on his bicycle, approached Defendant and other officers from the Anchorage Police Department, who were responding to a call for service in the vicinity of 1200 Eagle Street. Defendant approached S.A., identified himself, and asked S.A. for his identification. S.A. asked defendant what crime he suspected him of. Defendant notified S.A. that he was not wearing reflective gear or using reflective gear on his bicycle.[2]

S.A. responded by yelling at the officer that they were trying to "get him" for bicycle infractions. Another officer notified S.A. that he needed to get out of the middle of the street, as he did not have any reflective gear. S.A. refused to produce his identification, and terminated a lawful detention prior to its completion by riding away on his bicycle. Using his portable radio, Defendant notified APD Dispatch that S.A. fled, and that Defendant would not follow him.

---

[2] Defendant ultimately cited S.A. for three violations of the Anchorage Municipal Code: (1) operating a bicycle without an audible device (correctable), in violation of AMC 9.38.100(b); (2) operating a bicycle after dark with no forward-facing white lamp (correctable), in violation of AMC 9.38.100(A); and (3) operating a bicycle and failing to ride as near to the right edge of the roadway as possible, in violation of AMC 9.38.060.

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 3 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 3 of 12

Defendant decided to engage in proactive police work, which was encouraged by the Anchorage Police Department, by addressing S.A.'s traffic violations, which created a risk of a collision and injury. Defendant decided to drive by S.A.'s residence at a point during his shift when there were no other pending calls for service in the area.

Defendant knew about S.A. because of prior encounters with him (though he had not arrested S.A. previously,) and because the Anchorage Police Department had notified all officers that S.A. was hostile to law enforcement, at least as early as March 2019.

At approximately 10:34 p.m., Defendant arrived outside of S.A.'s residence, activated his audio recorder, and approached S.A.'s front door. Defendant was in his duty uniform, as was the other officer. Defendant knocked on S.A.'s front door, and S.A. opened his door but left the security chain in place. After Defendant identified himself, S.A. began swearing and calling Defendant offensive names. Defendant explained that he was citing S.A. with three traffic violations for riding his bicycle in the area of 12th and Eagle Street without required safety equipment. S.A refused to accept the citations, so Defendant slid them through S.A.'s open door.

Defendant and the other officer present then turned away from S.A.'s residence and proceeded to their patrol vehicles. In response, S.A. angrily came out of his house through the front door toward Defendant, shouting and using profanity. Defendant turned toward S.A. and seized S.A.'s cell phone as evidence of the crime he had observed S.A. commit at 12th Avenue and Eagle Street an hour

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 4 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 4 of 12

earlier. Defendant turned his back again to S.A. and began to proceed to his patrol vehicle. Again, S.A. pursued Defendant, causing Defendant to turn and face S.A.

Defendant asked S.A. "What's Up?" and S.A. responded, "What's Up," placing Defendant in imminent fear that S.A was going to assault him because of his close proximity to Defendant, Defendant's knowledge of S.A.'s assaultive history, i.e. that he assaulted another officer by headbutting him, the notification from the Anchorage Police Department that S.A. posed a danger to officers, and S.A.'s parroting of Defendant by responding to a question with a question, which Defendant knew to be a pre-violence indicator. Because Defendant perceived he imminently feared S.A. was going to assault him, he punched S.A. in the face one time. In response to the punch, S.A. remained assaultive and squared up to Defendant. Defendant then asked S.A. "oh you want some more" and Defendant used OC spray on S.A.

Only then was Defendant able to gain control of S.A. and to place handcuffs on him. Defendant explained to S.A. that it was a "bad decision to come out of your house and to square up on a police officer." Defendant called for medics to evaluate S.A. The medics treated S.A. for the OC spray deployment and evaluated his jaw, which did not appear to be broken. S.A. was subsequently transported to the Anchorage Jail and arrested for assault, disorderly conduct, and two counts of resisting arrest. Defendant placed S.A.'s cellphone in evidence. After he was arrested, S.A. told Defendant that "just cost APD a lot of money" and that he was going to make Defendant "a special case." The charges against Defendant resulted from his interactions with S.A. on September 30, 2019 and from the police reports he wrote documenting the incident.

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 5 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 5 of 12

Defendant will not repeat the summaries of the five incidents described in his Notice of Intent to Introduce Prior Bad Acts Evidence filed on August 18, 2021, but intends to produce evidence of those incidents as outlined previously.[3] Defendant intends to introduce evidence of the incident on April 12, 2022 in which S.A. wrongfully identified himself as "Officer Jones" at the Mat-Su Pretrial facility.[4] Defendant also intends to introduce evidence that S.A. has been identified as hostile to law enforcement by the Anchorage Police Department as early as March 2019.[5] Finally, Defendant intends to introduce evidence that the Alaska State Troopers have determined that S.A. is hostile to law enforcement, poses a risk to officer safety, and intentionally tries to bait law enforcement officers into verbal altercations.[6]

## II. APPLICABLE LAW

Defendant is entitled to present evidence of S.A.'s trait for hostility and violence toward law enforcement.[7] Defendant agrees that evidence of other acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.[8] Other act evidence may be admissible, however, to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[9]

---

[3] ECF No. 29.
[4] ECF No. 58 at 13 and ECF No. 58-4.
[5] ECF No. 58-2 at 1.
[6] ECF No. 58-5.
[7] Fed. R. Evid. 404(a)(2).
[8] Fed. R. Evid. 404(b)(1).
[9] Fed. R. Evid. 404(b)(2).

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 6 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS  Document 64  Filed 06/02/22  Page 6 of 12

Defendant acknowledges that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[10] A trial judge had broad discretion in determining whether evidence is admissible under Rule 404(b)(2).[11] If a court denies a motion *in limine*, it has made a finding that it cannot determine whether it can exclude the evidence without the context of trial.[12]

If evidence of S.A.'s character or character trait is admissible, it may be proved by testimony about his reputation or by testimony in the form of an opinion. Fed. R. Evid. 405(a). If S.A.'s character or character trait is an essential element of a defense, then his character or character trait may be proven by relevant specific instances of conduct.[13] Defendant is entitled to inquire on cross-examination about specific instances of S.A.'s lack of truthfulness.[14]

### III. ARGUMENT

#### A. Defendant Is Entitled to Present Evidence of S.A.'s Character Trait of Demonstrating Violence and Hostility to Law Enforcement.

Defendant was aware of S.A.'s 2019 conviction for assaulting a peace officer in Case No. 3AN-19-02488 CR when he approached S.A.'s residence on September 30, 2019. He was also aware that S.A. was hostile to law enforcement based on his

---

[10] Fed. R. Evid. 403.
[11] *United States v. Cummins*, 969 F.2d 223, 226 (6th Cir. 2007).
[12] *Irvin v. City of Shaker Heights*, 2012 WL 13028095 (N.D. Ohio May 17, 2012), citing *Indiana Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).
[13] Fed. R. Evid. 405(b).
[14] Fed. R. Evid. 608(b).

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*                                                                                      Page 7 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 7 of 12

own experiences with S.A. and based upon the notification from the Anchorage Police Department. Defendant will testify about this knowledge of S.A. at trial. Defendant is not offering this evidence as impermissible character evidence of S.A. Defendant offers this evidence in support of his justification of self-defense.

Defendant anticipates that the jury will be instructed that his use of force during his interaction with S.A. on September 30, 2019 was justified if he reasonably believed that it was necessary to defend against the immediate use of unlawful force by S.A. Defendant is entitled to present evidence that S.A. is angry and violent toward law enforcement because it is relevant to Defendant's claim that he was acting in self-defense.[15]

Evidence of S.A.'s 2019 conviction for assaulting a peace officer and S.A.'s character trait of hostility and violence toward law enforcement are admissible because it had a bearing on Defendant's state of mind as he determined whether it was necessary to use force to defend himself. Rule 404(a)(2) provides one of the few pathways for introduction of character evidence to allow the jury to infer that S.A. acted on September 30, 2019 in conformity with his character for violence and hostility toward law enforcement.[16] Importantly, it is not necessary for Defendant to establish that he was aware of S.A.'s character at the time of their interaction in order for S.A.'s character for hostility and violence toward law enforcement to be admissible pursuant to Rule 404(a)(2).[17]

---

[15] *United States v. Keizer*, 57 F.3d 847, 853 (9th Cir. 1995).
[16] *Id.* at 854.
[17] *Id.* at 855.

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*   Page 8 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 8 of 12

### B. Defendant Is Entitled to Inquire on Cross-Examination About S.A.'s Impersonation of an Officer at Mat-Su Pretrial Facility on April 12, 2022.

Defendant is entitled to cross-examine S.A.'s specific instance of untruthfulness on April 12, 2022 at the Mat-Su Pretrial Facility. The United States concedes.[18] If S.A. denies that he approached the Mat-Su Pretrial Facility and identified himself as "Officer Jones" in order to gain access to the facility, Defendant may introduce evidence of S.A.'s prior inconsistent statements if S.A. is given the opportunity to explain or deny the prior inconsistent statement.[19] Defendant notes that at his arraignment in Case No. 3PA-22-00596 CR, Defendant claimed to be conducting a "First Amendment Audit" and was "confident that he did not identify himself as Officer Jones" on April 12, 2022. He also denied carrying any contraband the same day.

### C. Defendant Is Entitled to Present Evidence of S.A.'s Intent, Plan, and Motive in Confronting Law Enforcement Officers.

S.A. is a self-styled "First Amendment Auditor" and "Cop Watcher" who seeks opportunities to confront law enforcement officers while they are doing their jobs or to provoke them into a response. S.A., not Defendant, has made his intent, plan, and motive a central issue of this case. S.A. will claim that his intent, motive, and plan in conducting his "First Amendment audits" is provide "Government Accountability" and to uncover "wicked tyranny" as described on his YouTube

---

[18] ECF No. 58 at 13-14.
[19] Fed. R. Evid. 613(b).

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 9 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 9 of 12

channel. He will also refer to himself as a "journalist" bringing news of local government.

As described in Defendant's Notice of Intent, S.A.'s motive, plan, and intent is not to perform an audit of law enforcement officials to ensure they are safeguarding the rights of citizens.[20] Rather, his intent, plan, and motive are to goad officers into confrontations so that he can gain notoriety on the internet and so that he has opportunities to sue their law enforcement agencies.

The United States correctly acknowledges S.A.'s "many acrimonious interactions with law enforcement officers" and his "YouTube channel detailing his interactions."[21] The United States incorrectly notes that S.A.'s civil suit for damages is "already settled."[22] S.A. may have settled his lawsuit against the Municipality of Anchorage, but he has not settled his lawsuit against Defendant.[23]

The United States fails to fully acknowledge the full breadth of S.A.'s "mercenary motive." S.A. is a provocateur whose primary focus has been to dare law enforcement officers into confrontations over the past three years. For example, on December 22, 2020, S.A. threatened to take the Anchorage Police Department and the United States Postal Service to "trial" based on his provocation with them. Without question, S.A.'s intent, plan, and motivation in

---

[20] ECF No. 29.
[21] ECF No. 58 at 2.
[22] ECF No. 58 at 16.
[23] See *Sam Allen v. Cornelius Aaron Pettus Jr. et al.*, formerly Case No. 3AN-21-05572 CI, removed to federal court with Case No. 3:21-cv-00136-JMK.

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE

*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 10 of 12
Case No. 3:20-cr-00100-SLG-MMS

provoking law enforcement officers is to create potential opportunities to sue their agencies for financial gain.

Perhaps more importantly (and more lucrative) than potential lawsuits against law enforcement agencies is the nexus between posting videos of confrontations with law enforcement officers on YouTube and developing subscribers to S.A.'s YouTube channels. "First Amendment Auditors" such as S.A. have joined a nationwide movement of competitors seeking to draw eyeballs to their YouTube channels. By adding subscribers, S.A. expects to receive donations, contributions, and financial support to further extend his "First Amendment Audit" efforts. S.A. has a PayPal link on his YouTube channels to facilitate these payments. On April 16, 2022, S.A. posted a video in which he explicitly urged his viewers to give a "thumbs up" to get the word out to other "subs."

Defendant intends to introduce evidence of S.A.'s intent, plan, and motive to bait law enforcement officers into provocations which provide him with potential opportunities to sue their agencies, and to draw subscribers to his YouTube channels. Presentation of this evidence will take a minimal amount of the jury's time and will not distract the jury prejudicially. Defendant expects and welcomes that the court will provide the jury with a limiting instruction to assist the jury in understanding the relevance and purpose of S.A.'s other acts evidence.

## IV. CONCLUSION

Defendant is entitled to present evidence of S.A.'s character for violence and hostility to law enforcement, specifically because of its bearing on his state of mind on September 30, 2019. Defendant is entitled to inquire with S.A. on cross-examination regarding the false representations he made to law enforcement

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.* Page 11 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 64   Filed 06/02/22   Page 11 of 12

officials on April 12, 2022. Finally, Defendant is entitled to present evidence of other acts of S.A. to demonstrate his intent, plan, and motive. If the court is unable to make a finding that all or any portion of the proffered evidence should be excluded, it should deny the motion *in limine* until it has the full benefit of the context of trial. For these reasons, the Court should deny the United States' motion.

Respectfully submitted this 2nd day of June, 2022.

SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
Attorneys for Defendant

By:     /s/Clinton M. Campion
Clinton M. Campion, State Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500 Anchorage, Alaska 99501
(907) 677-3600 (Telephone)
(907) 677-3605 (Facsimile)
Email address: campion@alaskalaw.pro
COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via CM/ECF this 2nd day of June, 2022 to:

S. Lane Tucker
Charisse Arce
Allison M. O'Leary
James A. Klugman

   /s/Riza Smith
Certification signature

OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO LIMIT EVIDENCE
*United States of America vs. Cornelius Aaron Pettus, Jr.*     Page 12 of 12
Case No. 3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS    Document 64    Filed 06/02/22    Page 12 of 12