S. LANE TUCKER
United States Attorney

CHARISSE ARCE
ALLISON M. O'LEARY
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: charisse.arce@usdoj.gov
        allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:20-cr-00100-SLG-MMS |
| Plaintiff, | ) |
| vs. | ) |
| CORNELIUS AARON PETTUS, | ) |
| Defendant. | ) |

**DEFERRED PROSECUTION AGREEMENT**

**This document in its entirety contains the terms of an
agreement between the defendant and the United States
for the resolution of this matter. This agreement is
limited to the District of Alaska; it does not bind other
federal, state, or local prosecuting authorities.**

## I.    INTRODUCTION

I, CORNELIUS AARON PETTUS, JR., the defendant, have discussed this Deferred Prosecution Agreement ("Agreement") with my attorney and agree that this document contains the entire agreement made between me and the United States regarding my decision to enter into this Agreement. The United States has not made any other promises except as described herein, and I enter into this agreement voluntarily.

I understand and agree that the conditions set forth herein are obligatory and material to this Agreement and that any failure on my part to fulfill these conditions will constitute a material breach of this Agreement. I understand that the United States, in its sole discretion, exercised in good faith, will determine whether I have breached this Agreement. If I breach this Agreement, I understand and agree that the United States may withdraw from this Agreement and proceed with the prosecution of this case. Further, I waive all rights to object based on: (1) the applicable statute of limitations, 18 U.S.C. § 3282; (2) my Constitutional right to a Speedy Trial; and (3) all rights under the Speedy Trial Act, 18 U.S.C. § 3161.

## II.    CHARGES, ELEMENTS, AND STATUTORY PENALTIES

### A.    Charges

**1.    The defendant is charged in the Superseding Indictment with the following crimes:**

Count 1: Deprivation of Civil Rights under Color of Law, a violation of 18 U.S.C. § 242.

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

Count 2: Obstruction of Justice – Destruction, Alteration, or Falsification of Records During Federal Investigation, a violation of 18 U.S.C. § 1519.

**B.    Elements**

The elements of the charge in Count 1 are as follows:

1.    The defendant was acting under color of law when he committed the acts charged in the Indictment;

2.    The defendant deprived the alleged victim, S.A. of his right to be free from unreasonable search and seizure, which is a right secured by the Constitution or laws of the United States;

3.    The defendant acted willfully, that is, the defendant acted with a bad purpose, intending to deprive S.A. of that right; and

4.    S.A. suffered an injury as a result of the defendant's conduct.

It is not an element that the defendant intended for S.A. to suffer an injury. All that is required is proof that the injury was a foreseeable result of the defendant's willful deprivation of S.A.'s constitutional rights.

The elements of the charge in Count 2 are as follows:

1.    The defendant knowingly altered, destroyed, concealed, or falsified a record, document, or tangible object; and

2.    The defendant acted with the intent to impede, obstruct, or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

It is not an element that the defendant's sole or primary intention was to obstruct justice so long as one of the defendant's intentions was to obstruct justice and that intention was substantial.

## C.     Statutory Penalties and Other Matters Affecting Sentence

### 1.     Statutory Penalties

The maximum statutory penalties applicable to the charges contained in the Superseding Indictment, are as follows:

Count 1: 18 U.S.C. § 242 (Deprivation of Civil Rights under Color of Law)

1) 10 years' imprisonment;

2) $250,000 fine;

3) 3 years' supervised release; and

4) $100 mandatory special assessment.

Count 2: 18 U.S.C. § 1519 (Obstruction of Justice – Destruction, Alteration, or Falsification of Records in Federal Investigations)

1) 20 years' imprisonment

2) $250,000 fine;

3) 3 years' supervised release; and

4) $100 mandatory special assessment.

//

//

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 78-1   Filed 06/15/22   Page 4 of 9

## III. WAIVER OF RIGHTS

I waive the following rights, which I have discussed with my attorney. My attorney has answered any questions I have about the significance of these waivers.

### A. Speedy Trial Waiver

I understand that I have a right to a speedy and public trial under the Sixth Amendment to the United States Constitution and the Speedy Trial Act. Under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, a trial must commence within 70 days after the later of (1) the date of the Indictment or (2) the date of my initial appearance on the charges contained therein. However, I agree that any delay from the date of this Agreement to the date of reinstatement of prosecution under the terms of this Agreement is a necessary delay at my request, and I waive any defense to such prosecution under (1) Rule 48(b) of the Federal Rules of Criminal Procedure, (2) the Speedy Trial Clause of the Sixth Amendment to the Constitution of the United States, and (3) any applicable statute of limitations for a period of months equal to the period of this Agreement. I understand that the purpose of any delay is to allow me to demonstrate my good conduct, time for which is excludable from a Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(2).

//

//

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

Case 3:20-cr-00100-SLG-MMS   Document 78-1   Filed 06/15/22   Page 5 of 9

## IV. CONDITIONS OF DEFERRED PROSECUTION

### A. The Defendant Agrees to the Following General Conditions of Deferred Prosecution:

**1.** I agree to permanently resign from the Anchorage Police Department;

**2.** I agree to enter into a consent agreement with the Alaska Police Standards Council wherein I will:

    **a.** Permanently relinquish my Alaska police/probation/parole/correctional officer certification;

    **b.** Waive my right to a hearing and waive the requirement of findings of fact and conclusions of law for the decision and order of the Alaska Police Standards Council to be final;

    **c.** Waive any appeal or judicial review of related actions by the Alaska Police Standards Council;

    **d.** Agree that this voluntary relinquishment permanently bars me from working as a police/probation/parole/correctional or municipal correctional officer in Alaska pursuant to 13 AAC 85.010, 13 AAC 85.210, 13 AAC 85.215, or 13 AAC 89.010;

//

//

Page 6 of 9

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

|     |     |
| --- | --- |
| e. | Waive my right to petition the Alaska Police Standards Council for discretionary rescission of the relinquishment/revocation, as provided in 13 AAC 85.270(d)(3); |
| f. | Agree to my name being entered into the National Decertification Index or other law enforcement related databases maintained for the purpose of recording peace officer decertification and revocation; and |
| g. | I agree not to seek employment in any U.S. state or territory as a "Law Enforcement Officer," as that term is defined in 18 U.S.C. § 245(c). |

## V. AGREEMENTS BY THE UNITED STATES

### A. Period of Deferred Prosecution

The United States agrees that prosecution in this District for the offenses identified herein shall be deferred for a period of 6 months from the date that this Agreement is signed to establish the defendant's good conduct and ability to comply with the terms of this Agreement.

### B. Violation of Agreement

The parties agree that if the defendant violates any of the terms of this Agreement, the United States may, in its sole discretion exercised in good faith, revoke this Agreement, and proceed with the prosecution of the currently filed charges in this case.

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

## C.      Successful Completion of Deferred Prosecution Agreement

If the defendant fulfills the terms of this Agreement within 6 months, at the end of

the period of this agreement, the United States will move to dismiss, with prejudice, the

criminal charges in this matter. The United States may dismiss the criminal charges

earlier than 6 months if all the conditions of the Agreement are met.


DATED: ___06/15/2022___          _____
                                  CORNELIUS AARON PETTUS, JR.
                                  Defendant

As counsel for the defendant, I have discussed the terms of this Agreement with

the defendant, and have fully explained the offenses and their elements charged in the

Superseding Indictment, as well as the waiver of rights set forth in this Agreement.

Based on these discussions, I have no reason to doubt that the defendant is knowingly and

voluntarily entering into this Agreement.  I know of no reason to question the defendant's

competence to make these decisions.


DATED: ___06 | 15 | 2022___       _____
                                  CLINTON CAMPION
                                  Attorney for Cornelius Aaron Pettus, Jr.


//

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS

On behalf of the United States, I acknowledge the United States' responsibilities under this Agreement and agree to abide by its terms.

S. LANE TUCKER
United States Attorney

DATED: 6/15/22

CHARISSE ARCE
Assistant United States Attorney

DATED: 6/15/2022

ALLISON M. O'LEARY
Assistant United States Attorney

*U.S. v. Cornelius Aaron Pettus*
3:20-cr-00100-SLG-MMS